CORNELIUS WOOD, adm'r of NATHANIEL STEARNS, appellee, *vs.*
LEMUEL BARNEY, appellant.

Auditors are the proper judges of the weight of testimony heard by them, and their
opinion upon it cannot be made the ground of an exception to their report.

Where there are mutual, current, and unsettled dealings and accounts between par-
ties, if any of the items are within six years, the whole accounts are taken out of
the statute of limitations.

Where the account of one of the parties to an action of *book debt* consisted in part of
various charges for liquors sold by him, as an inn-keeper, by small measure, and the
auditors allowed the whole amount of such charges by setting off, or applying in
payment thereof, so much of the adverse party's account as was sufficient to bal-
ance them, the adjudication was held to be erroneous, and the report was set aside
—the statute prohibiting a recovery of a greater sum than one dollar and fifty cents
for liquors sold by small measure.

This was an appeal from an allowance of commissioners in fa-
vor of the estate of *Nathaniel Stearns.* The administrator hav-
ing filed a declaration on book account against the appellant, au-
ditors were appointed to adjust the accounts of the parties, and a
report was afterwards made thereon to the county court, in
which they reported a balance due to the estate of *Stearns* of
two hundred and eight dollars and eighty-three cents.

It appeared by the report, That the appellant contended before
the auditors, that all charges made by either party more than six
years before the sitting of the commissioners, were barred by the
statute of limitations, inasmuch as said accounts were not such as
concern the trade of merchandize between merchant and mer-
chant, their factors or servants. But the auditors decided that
the accounts of the parties were not barred by the statute of limi-
tations, inasmuch as they were one continued account, there not

FRANKLIN,
January,
1829.

Wood, adm'r.
vs.
Barney.

being six years from one charge to another, and not six years from the last charge.

It also appeared from the report, That the appellant attempted to discredit the intestate's books, and introduced sundry witnesses for that purpose before the auditors. The testimony on this subject was particularly reported by the auditors, on which they decided that the books were not discredited by the evidence.

It further appeared, that the appellant contended that all charges on the books of said *Stearns*, for services done, payments made, and property delivered to and for third persons, ought not to be allowed without other evidence than the books, inasmuch as these furnished no evidence of any direction from the appellant; and that the auditors disallowed all such charges.

It further appeared from the report, that a considerable part of the intestate's account was for liquor sold and delivered by him as an inn-keeper, at different times, by small measure, and that the auditors applied, or set off, in payment of such charges, so much of the appellant's account as would balance them ; notwithstanding the statute prohibits a recovery of more than one dollar and fifty cents for liquors sold by small measure.

The defendant took exceptions to the auditors' report, which being overruled by the court below, he removed the cause to this Court for a final decision.

*Argument for the defendant,* against the report.—The defendant contends, 1. That the statute of limitations attaches to all the plaintiffs account of more than six years standing, inasmuch as the delivery of each article gives to the party delivering it an immediate right of action, and the statute, of course, attaches the moment the right of action accrues.—*Statute,* 290, *sec.* 7.

This case comes most clearly within the benefits intended by the statute of limitations, and the statute should be so construed as to extend to the case, inasmuch as running accounts of long standing are the most difficult of settlement, and the greatest injustice is often done in adjusting them.

The statute has made certain exceptions ; but this case is not within those exceptions. It is, therefore, evident the legislature intended to provide for this case in the general provisions of the act.

2. Though the auditors are only to find and report the facts, yet where they have reported the evidence, the court can look at the testimony and inquire upon what evidence the auditors have founded their opinions. Inasmuch as there is no testimony but what went to impeach the books of the intestate, the auditors must

have mistaken, and made a report clearly against evidence. The court, therefore, will not consider the report of auditors of more force than the verdict of a jury, which will be set aside when clearly against evidence ; and it is contended that the court ought to consider the report of auditors in the same light as the verdict of a jury.

Had there been in this case contradictory evidence, the auditors might have decided on the weight of testimony, and the court could not have corrected them. But all the evidence in the case went to impeach the books, and the auditors, therefore, had nothing to weigh.

3. The auditors ought not to have allowed to the plaintiff any more than one dollar and fifty cents for liquors charged in his account exhibited against the defendant. *Statute, p.* 135 They ought not to have offset the amount of the defendant's account against the liquors charged in the plaintiff's account, and allowed one dollar and fifty cents for liquors sold and delivered over and above such offset, in as much as this enabled the intestate to recover more than he was by law allowed for liquors sold. Had the amount of the defendant's claim been credited on the books of the plaintiff, the auditors could not have offset such credit against the liquors charged by the plaintiff, unless the plaintiff had proved that the articles credited had been delivered expressly to apply towards such charges ; much less could the account exhibited by the defendant be so offset in the absence of said proof, and when the same had not been credited.

*Argument for the plaintiff, contra.*—In support of the report of the auditors, it is contended by the plaintiff,

1. That no part of the plaintiff's account is barred by the statute of limitations, inasmuch as there was not six years between any charges on the plaintiff's book, nor from the date of the last charge to the time of the sitting of the commissioners.—*Bal. on Lim. p.* 71, 76.

2. It is contended by the plaintiff, that the question as to the impeachment of the books of the deceased, was a matter of fact for the auditors to decide on the testimony before them, and the court will not weigh the evidence to see if the auditors did decide as the court would upon the evidence.

3. It is contended that the auditors decided right in allowing the whole amount of the plaintiff's claim for liquors sold by small measure, because the statute, restricting the recovery for liquors sold by small measure, applies exclusively to inn-holders and tavern-keepers ; and it does not appear from the report of the au-

FRANKLIN,
January,
1829.

Wood, adm'r.
vs.
Barney.

ditors that the intestate was an inn-holder or tavern-keeper ; and because, if it has been made to appear to the auditors that the intestate was an inn-holder or tavern-keeper, still it is to be inferred from the report of the auditors, that they found the fact, that the whole of the articles charged in the defendant's account, were received by the intestate in payment of the account which was for liquors sold by small measure. But if there was no evidence before the auditors to prove that the articles charged in the defendant's account were received in payment for liquors sold by small measure, still it is contended that the auditors did right in making the application of the defendant's account on that part of the plaintiff's account which was for liquors sold by small measure, inasmuch as that part of the intestate's account was just and equitable, and that the statute only provides that no action on book, or other verbal contract, shall be sustained to recover for liquor sold by small measure, for a greater sum than one dollar and fifty cents, by an inn-holder, &c.—*Stat.* 135.

The opinion of the Court was delivered by

PRENTISS, J.—The report of the auditors contains a statement of the testimony, given on the one hand to impeach, and on the other to support, the credit of the intestate's book ; but as the auditors were the proper judges of the weight of this, as of all the other testimony heard by them, their opinion upon it cannot be made the ground of an exception to their report. It is the province of auditors to find, and their duty in all cases, if requested, to report, the facts proved by the evidence laid before them ; and it is not the practice of the Court, in reviewing their proceedings, to rejudge the case upon the testimony, but merely to correct such mistakes in law, as may have been committed in the admission or rejection of evidence, or as shall appear from the accounts and facts reported by them.

It appears that the accounts between the intestate and the appellant, embraced mutual dealings and mutual credits, continued down, without any long intervention of time between the respective items, to a period within six years. The clause in the statute of limitations of this state, concerning accounts, is almost a literal transcript of the provision on the same subject in the English statute of 21 *Jac.* 1 ; and it is proper to hold, as was undoubtedly intended, that the former is to receive the same construction, and be subject to the same principles, which had been adopted in relation to the latter. It was settled by adjudged cases before the enactment of the law of this state, and the doctrine has been confirmed by subsequent decisions, that where there are mutual, cur-

rent, and unsettled dealings and accounts between parties, if any of the items are within six years, the whole accounts are taken out of the statute.—2 *Saund.* 127, *n.* 6, *Cotes* vs. *Harris.*— *Bull. N. P.*149.—*Cranch* vs. *Kirkman,Peak's cas.*, 164.—*Catling* vs. *Skoulding*, 6 *T. R.* 189.—The same principle has been adopted in this country.—*Cogswell* vs. *Dolliver*, 2 *Mass.* 217.— *Davis* vs. *Smith*, 4 *Greenleaf's Rep.* 337.—*Coster* vs. *Murray*, 5 *John. Ch. Rep.* 522.—*Murray* vs. *Coster*, 20 *Johns. R.* 576. —These authorities are quite sufficient to shew, that the exception to the report, founded upon the statute of limitations, was properly overruled by the court below.

The intestate's account consisted, in part, of various charges, to a considerable amount, for liquors sold by him, as an in-keeper, by small measure ; and the auditors, notwithstanding the appellant's objection, allowed the whole amount of the charges for liquors, by setting off, or applying in payment, so much of the appellant's account, as was sufficient to balance them. The statute *(comp. stat. p.* 135, *s.* 3,*)* declares, " that no action on book, or verbal contract, shall be sustained, in any court in this state, for the recovery of a greater sum than one dollar and fifty cents,for liquors sold and delivered by small measure, by any inn-hold or tavernkeeper, within this state." This act, as *Lord Kenyon* observed, in *Jackson* vs. *Athill, Peake's cas*, 165, of the act of 24 *Geo.* II. was made for the purpose of preventing the pernicious effects of dram-drinking, which had been found extremely injurious to the lower classes of society. It is certainly a very beneficial law, and to prevent the mischiefs intended to be remedied by it, it should be rigidly applied and enforced in every case coming within it. It is very clear that no recovery could be had, in a direct way, for that portion of the intestate's account, which consisted of charges for liquors sold,exceeding the sum of $1 50,because such recovery is expressly prohibited by the act ; and it is not stated or pretended, that there was any evidence before the auditors, that the articles in the appellant's account were, at the time of delivery, or indeed at any subsequent time, applied, or agreed to be applied, in payment of the charges for liquors in the intestate's account. But it is insisted, that the articles in the appellant's account may be considered as having been delivered in payment generally of the intestate's account, and that the representative of the intestate had a right to have them applied in payment of any part of the account he chose. It was said by *Abbott*, Ch. J. in the case of *Wright* vs. *Laing*, 3 *Barn. & Cres.*, 165, that where a person has two demands, one recognized by law, the other arising on a matter forbidden by law, and the debtor makes a payment which

FRANKLIN,
Jqnuary,
1829.

Wood, adm'r.
vs.
Barney.

FRANKLIN,
January,
1829.

Wood, adm'r,
vs.
Barney.

is not specifically appropriated by either party at the time of the payment, the law will afterwards appropriate it to the demand which it acknowledges, and not to the demand which it prohibits. As the articles delivered by the appellant were charged generally in account, and no specific application had been made of them by the parties, they remained, with the rest of the accounts, to be adjusted and settled as the law required. To apply the articles in the appellant's account in offset to, or extinguishment of, the charges for liquors in the intestate's account, as was done by the auditors, would be in effect, to allow the representative of the intestate to recover the amount of the account for liquors. This would be a palpable evasion, if not a direct violation of the statute ; and we are very clear that the exception taken to the report on this ground, ought to have been sustained.

Judgment reversed.

*Fisk* and *Smith*, for appellee.
*Brown*, for appellant.