## CHITTENDEN COUNTY.

### JANUARY TERM, 1837.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
" SAMUEL S. PHELPS,  ⎫
" JACOB COLLAMER,  ⎬ *Assistant Justices.*
" ISAAC F. REDFIELD,  ⎭

TOWN OF HINESBURGH *v.* JOHN R. SUMNER & LUMAN E. LOVELAND.

Chittenden,
*January,*
1837.

A note given, in whole or in part, for the compounding of penalties, or suppressing of criminal prosecutions is void and uncollectable.

THIS was an action of assumpsit upon a note of hand, dated November 10th, 1834, signed by said Sumner, as principal, and said Loveland, as surety, payable to the town Treasurer of Hinesburgh. The defendants pleaded the general issue and two pleas in bar, one of duress of imprisonment, and the other, that the defendants were induced to give the note to stifle a criminal prosecution. On the trial, the defendants offered to prove, that, before the said 10th day of November, two prosecutions had been commenced by the town grand juror against Sumner, for retailing liquor without licence,—under the statute of 1833, giving penalties, for the breach of said act, to the town— one of which had been tried before a justice of the peace, and a verdict and judgment rendered thereon against said Sumner, from which he appealed to the County Court; that on said 10th day of November, Sumner gave judgment on the other and appealed; that the town grand juror then said to Sumner, that, unless he would settle the fines and costs in these two prosecutions, he would have him arrested immediately on two other complaints and warrants, which were then made out and ready to be served; and that said Sumner, under the fear of said war-

Chittendon,
   January,
      1837.

Town of
Binesburgh

      v.
Jno. R. Sum-
ner and L. E.
Loveland.

rants, did execute the note in question. This evidence was objected to by the plaintiff, and was rejected by the court. The defendant requested the court to charge the jury, that, after the appeals were taken, the town grand juror had no authority to settle or stop the prosecutions, and that they were beyond his control. But the court refused so to charge, and directed a verdict for the plaintiff. To which the defendants excepted, and the case passed to the Supreme Court.

 *Wm. P. Briggs, for the defendants,*—Contended, 1st. That an error was committed by the court below, in not permitting proof that a part of the inducement or consideration for giving the note was the stifling of criminal prosecutions, because, if so, the note was void. 2 Wils. 341. 5 Dane's Dig. 169.

 2. That the defendants should have been permitted to prove that the note in question was given under a menace of imprisonment, which is duress. 2 Inst. 483. 2 Roll. Abr. 124. 5 Dane's Dig. 373. 7 id. 1.

 3. The grand juror of a town has no authority to settle prosecutions for offences against our criminal, or penal laws, and take notes for the fines and costs, at any time; much less, after an appeal has been taken. See R. Statute p. 421 and 422. And, more especially, in this case. Because, 1st. had the prosecution proceeded to final judgment in the county court, and respondent been convicted, in that case the fine would be the property of the State and belong to its treasury. 2nd. because it is against a sound and healthful administration of criminal justice to permit mere informing officers to compound offences against the laws. *Joseph Swazy* v. *Daniel Mead,* Orleans Supreme court, 1834. All contracts are void when it is contrary to the good policy of the State to enforce them. 5 Dane's Dig. 168. and the authorities there cited. 7 id. 1. as to compounding offences.

 *C. Adams for plaintiff.*—1. The evidence rejected was offered to maintain the plea of duress, and we insist that it had no tendency to prove this issue.

 Duress *per minas* is no defence unless it involve loss of life or limb. 1 Bl. Com. 131. Menacing to commit a battery, burn a house, or spoil goods, is not sufficient to avoid the act. 2 Bac. Ab. 403.

 The duress pretended in this case was a threat of imprisonment, but it is not alleged that there was no cause for the im-

prisonment, and, without proof,it is not to be presumed, that the complaint and warrant were groundless.

*Actual* imprisonment is not duress, unless the imprisonment is without cause or fraudulent, *Watkins* v. *Baird*, 6 Mass. 506. Anon. 1 Lev. 68.

2. *Charge of the Court.* As an abstract proposition, the charge of the court was unquestionably correct. Grand jurors have power to control prosecutions in their own towns until final judgments. Whether after final judgment they retain authority to discharge it, is a question that does not arise in this case. The appeal in the case offered to be shown had no effect upon the grand juror's authority. In prosecutions for crimes and for penalties payable to the county or State treasurer, the authority of the grand juror ceases, when the suit passes from the justice by appeal or binding over. But in case of penalties, payable to the town, the case is different. States' attornies have power to collect all fines payable to the State and County treasurers, (St. 557.) but they have nothing to do with fines payable to the towns. The latter are to be collected at the expense of the towns, and the suits must be prosecuted by the grand juror, in his own person or by his attorney.

By the act of 1833, relative to retailers, the penalties were payable to the towns, and the town grand jurors were made prosecuting officers. In the previous acts, relative to retailers and tavern keepers, the fines were collectable on *information* or *indictment*. But the act of 1833 is silent as to the manner of collecting the fines, and, consequently, an action of debt would lie. 2 Bac. Abr. 280. Whether the prosecution, offered to be shown, was in debt or otherwise, does not appear.

One of the singularities of the exceptions, is, that the court were requested to charge as to the effect of evidence, which had been rejected. No evidence was admitted, nor offered, as to the consideration. Had the case admitted it, the defendants, under the general issue, might have shown a want of consideration, but this was not attempted. They offered to show that the note was executed under fear occasioned by threats, and this evidence was rejected, and then the case rested.

The execution of the note having been admitted or proved, the burden of impeaching it was thrown upon defendants. That a legal discharge of judgments would be a good consideration for the note, cannot be doubted. Our statute, (p. 285)

Chittenden,
January,
1837.

Town of
Hinesburgh
v.
Jno R. Sum-
ner and E. L.
Loveland.

directs that persons convicted of penalties shall pay or *give se-curity*, and the note may be considered in that light, even without a discharge, and leaving the judgments to be satisfied by payment of the note.

It might have been competent for defendants to show that the judgments were not discharged, or that the discharge was by one unauthorized, in which case the court would have decided as to the effect of it, but no evidence of that kind was offered.

COLLAMER, J. delivered the opinion of the court.

In assumpsit,it may now be considered as settled, that every. defence, except tender,and the statute of limitations, may be given in evidence under the general issue. If, therefore, the evidence offered by the defendants, constituted or tended to prove any legal defence, it should have been admitted, as the general issue was pleaded. It is true, the testimony did not tend to prove duress, as no *unlawful imprisonment* was either suffered or threatened. The grand juror was the prosecuting officer for these penalties to final judgment, and he had power to receive the amount of the fine and cost, and discharge the prosecutions, or to enter a *nolle prosequi*. However it may be considered in England, in relation to notes, as commercial paper, we, in this case, and as between the original parties to this note, consider it, under our law, open to all objection in relation to its consideration or inception. The compounding of penalties is an offence at common law, of dangerous tendency, highly derogaory to public example, and prosecutions are no more to be improperly suppressed by public informing officers, than by common informers. And all bonds or notes, into the consideration of which the compounding of a penalty, or the suppression of a prosecution therefor, in any part enters, are void and uncollectable. The officer has a right to receive the amount of the fine and cost and pay it into the public treasury, and were that all there was of this note, inasmuch as the town treasurer has received it, it might be good and collectable. But it is *contra bonos mores*, and of dangerous tendency, that any prosecuting officer may induce such settlement by using his official influence and power, to threaten with other prosecutions, and to offer to suppress them, in order to procure a settlement of those already commenced and pending. In this case the testimony tended to show, not merely that the two appealed prosecutions were settled, and made up this note, but that two other criminal prosecu-

tions, of what precise character we are not informed, were sup-  pressed as an inducement to the giving of this note.

This is hardly attempted to be justified even by the plaintiff's counsel, in argument. We think the testimony should have been admitted, and the jury instructed, that, if such proposition was made by the officer, and *thereby* the defendants were induced to give this note, they should find for the defendants.

Chittenden,
January,
1837.

Town of
Hinesburgh
*v.*
Jno. R. Sumner and L. E.
Loveland.

Judgment Reversed.

Phelps, J. Dissenting.