CHARLES BACKMAN v. DORASTUS WRIGHT.

*Agency. Illegal sale. Appropriation of payments.*

If a general agent assumes to sell intoxicating liquors to persons who have no right to buy or hold them for the purposes for which they are bought, it must be considered that his agency extended to making sales of that character. Notice to the agent of such want of right would, in such a case, be notice to the principal; and if the latter ratifies the act of the agent by completing the sale and claiming the benefit of it, he takes with it all its incidents of illegality and notice.

If intoxicating liquors are sold with the knowledge that they are to be used for an illegal purpose, and any part of the sale is transacted in this state, our courts will not aid the vendor in the recovery of the stipulated price.

But if the vendor does nothing, either by himself or his agent, to forward the illegal contract within the state, he may recover, notwithstanding he may have known the illegal purpose to which the article was to be put in another jurisdiction.

Where a person has a legal and an illegal demand, a payment, not appropriated by either party before suit, will be appropriated by law to the former.

BOOK ACCOUNT. The plaintiff's account was for four bills of liquors sold to the defendant. The plaintiff was a wholesale dealer in liquors in the city of New York, and employed one William. W. Drew, by the year, for a salary, to solicit orders, in this state, upon him for liquors. In May, 1852, Drew in the course of his business called upon the defendant who kept a tavern in Sheldon, in this state, and through him the first, and subsequently the third and fourth bills were ordered. The second bill was for two barrels of rum which the defendant ordered in July, 1852, by a letter sent directly to the plaintiff in New York, by mail, and without the intervention of Drew. All of the liquors so ordered were forwarded by the plaintiff,

from New York, to the defendant in this state, and were here received and the freight upon them from New York paid by the defendant, and sold by him in this state without a license. The defendant intended so to sell them when he made the orders, and this, as well as the fact that he had no license, was known to Drew, but it did not appear that the plaintiff himself had any such knowledge. The defendant, at different times in 1852 and 1853, paid the plaintiff sums of money which amounted in all to less than the amount of the first bill, but to more than the second, without making or intending to make any application of them; but they were received by the plaintiff, and by him intended to apply on the first bill, it being his custom to apply receipts upon his demands in the order of time. Upon the foregoing facts, reported by the auditor, the county court rendered judgment for the defendant, to which the plaintiff excepted.

*B. H. Smalley* and *H. S. Royce*, for the plaintiff.

The sale and delivery were in New York. Upon principles of national comity, the action will be sustained in our courts, notwithstanding such sale would have been void if it had been made here, and the defendant intended to sell and did sell the liquors in violation of our laws. *Case* v. *Riker*, 10 Vt. 482. 2 Kent, 459 note. *Territts* v. *Bartlett*, 21 Vt. 184. *Holman v. Johnson*, 1 Cowp. 341. *Hodgson* v. *Temple*, 5 Taun. 181.

An agent will be presumed to be appointed for a lawful purpose until the contrary be shown. Story on Agency 197, 245.

*H. R. Beardsley* and *J. S. Burt*, for the defendants.

The plaintiff is not entitled to recover for the first, third and fourth bills of liquor, because they were sold in this state by an unlicensed person, and at the time of the sales the plaintiff's agent knew that the defendant intended to sell them in this state without a license, and in violation of our laws. *Territts* v. *Bartlett*, 21 Vt. 184. *Smith et al* v. *Allen et al.*, 23 Vt. 298. Notice to the agent is notice to the principal. *Smith et al.* v. *Allen et al.*

If the sale is considered as having been made in New York, it will not be enforced in this state if the plaintiffs knew the liquors were to be sold in violation of our laws, *Case* v. *Riker*, 10 Vt. 482. Story on Conflict of Laws 209 §253, 4.

If the second bill is recoverable the payments made by the defendant, after it accrued, should be applied in payment of it. *Bancroft* v. *Dumas*, 21 Vt. 456.

The opinion of court was delivered by

REDFIELD, CH. J.    I.   The first question made in this case is in regard to the plaintiff's right to recover for the liquor, the sale of which was negotiated through the plaintiff's agent, Drew.   Drew was the plaintiff's agent for the purpose of soliciting sales in this state.   His agency seems to have been general upon the subject, and not limited to such persons as had license to sell; and he seems perfectly ready to contract or forward orders from persons having no license.   Notice to the agent is notice to the principal in that particular transaction.   And when the agency seems to be general, and the agent assumes to sell to persons who have no power or right to buy or hold liquors for that purpose, it must be considered that his agency extended to soliciting sales of that character; while if the principal ratifies the act of the agent, by completing the sale and claiming the benefit of it, he takes it, with all its incidents of illegality and notice of that fact.

The acts of the agent, then becoming those of the plaintiff, he is implicated in whatever is done within the state, as if he had done it himself.   And if one participates in an illegal sale, any portion of which is transacted within the state, he becomes through such participation a partaker in the illegality, and the law will not aid him in the recovery of the stipulated price.   But if the vendor does nothing, either by himself or his agent, to forward the illegal contract within the state, he may recover, notwithstanding he may know the illegal purpose to which the article is to be put in another jurisdiction.   But if he transact any portion of the contract within the state, he cannot secure himself and evade our law by going into a foreign jurisdiction to consummate the sale.   This is virtually decided, and the reasons given more at length than would be proper to repeat here, in *Territt* v. *Bartlett*, 21 Vt. 184.   The authorities are there cited in detail, and show most conclusively that such has been the rule of the English law upon this subject for nearly a century.

**FRANKLIN COUNTY.**

The rule was applied to a case in Chittenden county, at the last term of this court, where the facts were almost identical with the present.

II. In regard to the charge for two barrels of rum, ordered by the defendant himself, through the mail, and delivered in New York, the plaintiff is undoubtedly entitled to recover, unless the payments made subsequent to that time, and amounting to more than sufficient to pay this charge, are to be applied in payment of this legal portion of the claim, in preference to the illegal portion.

And neither party having directed or made any specific application of the payments before suit, the law will now make such application as it it deems most reasonable and just. And it seems to be perfectly well settled, that in a case like the present the payments are first to be applied to the extinguishment of that portion of the account which constitutes a legal debt on the part of the defendant. This identical question was decided by this court, in *Wood* v. *Barney*, 2 Vt. 369, in an elaborate opinion by PRENTISS, J.. where he says: "It was said by ABBOTT, Ch. J., in the case of *Wright* v. *Laing*, 3 B. & C. 165, that when a person has two demands, one recognized by law, the other arising on a matter forbidden by law, and the debtor makes a payment which is not specifically appropriated by either party at the time of the payment, the law will afterwards appropriate it to the demand which it acknowledges, and not to the demand which it prohibits." The same rule is again distinctly recognized in *Bancroft* v. *Dumas*, 21 Vt. 456. It seems impossible to distinguish this case from either of those. The judgment is therefore affirmed.