Scott, C.J.
The evidence in this case tended to show that the consideration of the note sued upon was an existing indebtedness of the defendant to the plaintiff on account for goods, etc., sold and delivered by the plaintiff to the defendant, the items of which had accrued at various times during the period of eighteen months preceding the date of the note. Some of these items were for necessary family groceries and :Some for spirituous liquors, sold to be drank at the place where sold, in violation of the statute. The court instructed the jury that, if any of the items for spirituous liquors thus illegally sold entered into and formed part of the consideration of the note, then the plaintiff could not recover; the law being that when any part of the entire consideration of a *435 promise is illegal the whole contract is void. And the question before us is: Did the court err in so instructing the jury as to the law applicable to the case ?
The concurrent doctrine of the text-books on the law of contracts is, that if one of two considerations of a promise be void merely, the other will support the promise; but that if one of two considerations be unlawful, the promise is void. When, however, for a legal consideration, a party undertakes to do one or more acts, and some of them are unlawful, the contract is good for so much as is lawful, and void for the residue. Whenever the unlawful part of the contract can be separated from the rest it will be rejected, and the remainder established. But this cannot be done when one of two or more considerations is unlawful, whether the promise be to do one lawful act, or two or more acts, part of which are unlawful ; because the whole consideration is the basis of the whole promise. The parts are inseparable. Metcalf on Contr. 246 ; Addison on Contr. 905 ; Chitty on Contr. 730; 1 Parsons on Contr. 456 ; 1 Parsons on Notes and Bills, 217; Story on Prom. Notes, § 190; Byles on Bills, 111; Chitty on Bills, 94. Whilst a partial want or failure of consideration avoids a bill or note onlj pro tanto, illegality in respect to a part of the consideration avoids it in toto. The reason of this distinction is said to be founded, partly at least, on grounds of public policy, and partly on the technical notion that the security is entire, and cannot be apportioned; and it has been said with much force, that where parties have woven a web of fraud or wrong, it is no part of the duty of courts of justice to unravel the threads and separate the sound from the unsound. (Story on Prom. Notes, and Byles on Bills, supra.) And, in general, it makes no difference as to the effect, whether the illegality be at common law, or by statute. (See authorities, supra.)
This doctrine is abundantly sustained,by the whole current of the decisions on the subject, both in England and in this country. Featherstone v. Hutchinson, Crokes El. 200; Robinson v. Bland, 2 Burr. R. 1077; Scott v. Gilmore, 3 Taunton, 226; Thomas v. Williams, 10 Barn. & Cress. 664; *436 Jones v. Waite, 35 E. C. L. (5 Bing. N. C. 341); Armstrong v. Toler, 11 Wheat. 258; Bates v. Watson, 1 Sneed, 376; Orr v. Lacy, 2 Douglass, 230; 9 Verm. 23; Deering v. Chapman, 22 Maine, 488; Carleton v. Woods, 8 Foster (N. H.), 290; Hinds v. Chamberlin, 6 N. H. 225; Hinman v. Woodruff, 11 Term. 592; Perkins v. Cummings, 2 Gray, 258; 8 Sm. & Marsh. 624; Loomis v. Newhall, 15 Pick. 159; Crawford v. Morrell, 8 Johns. 253.
Quite a number of these cases cannot be distinguished from the case under consideration.
Robinson v. Bland was the case of a suit on a bill of exchange given in part for money lost at play, and in part for money lent. The declaration contained special counts on the-bill, and the common count for money lent, and it was held no recovery could be had on the bill, because part of its considération was money lost at play, which was illegal; but as-to the money lent, the plaintiff was allowed to recover on the common count.
In Scott v. Gilmore, 3 Taunt. 226, the suit was also on a. bill of exchange, given by the drawer to the keeper of a coffee house, in payment for the balance of a debt, part of which was for small sums of money loaned, and part for spirits sold in violation of a statute, and it was held by Ch. J. Mansfield, that the security being entire could not be apportioned, and since it was given partly for a'consideration not merely void, but illegal, the whole bill was void. Heath, J., said: “Perhaps it might be different if for part of the-bill there were no consideration.”
The case of Deering v. Chapman, cited above, was a suit on a promissory note in which part of the consideration was, as here, for spirituous liquors previously sold in violation of a statute, and several of the other cases cited are of the same character. In each of them the whole note was held to be tainted and utterly void. In none of them does a distinction appear to have been taken between the case where the note was given at the time the illegal transaction took place, which entered into the consideration of the note, and was-the immediate inducement to its execution, and the casa. *437 where the note was subsequently given for the purpose of carrying out or securing the performance of the original illegal contract. On the contrary, they clearly proceed on the principle, that whenever the subject-matter of the contract can be traced back, between privies, to an original illegal contract, the substituted security is void. Adams et al. v. Rowan et al., 8 Smedes & Marsh. 624.
The application of these principles to the present case compels us to say, that the instruction given to the jury by the court, upon the trial, was correct, and the judgment was properly affirmed by the district court.
The suit was upon a promissory note alone — upon a single and entire promise. This note was given in settlement of an account embracing transactions between the parties for a period of eighteen months. The evidence tended to show that whilst some of these transactions were proper and legal, yet many of the items of the account were for intoxicating liquors sold by the plaintiff to the defendant in direct violation of the provisions of a highly penal statute. The contract evidenced by the note was illegal and void, because these sales of liquors, which formed a part of its consideration, were clearly illegal.
With respect to the items of the plaintiff’s account which were unconnected with the illegal sales, he might well have maintained an action on the original contracts of sale, even after the giving of this note. For being utterly void it discharged none of the just indebtedness of the defendant. But he chose to sue upon the note which was jprimá, facie evidence of indebtedness to the extent of the whole sum promised to be paid, and thus attempted to throw upon the defendant the burden of showing how much of it was given upon an illegal consideration, and upon the court the task of separating the sound from the unsound. If this effort should result in his losing what was justly due him, we can but repeat what was said in a similar case: “ It is but a reasonable punishment for including with his just due that which he had no right to take.”
We are not unaware of a seeming conflict between the con *438 elusion at which we have arrived, and the third point in the syllabus of the case of Doty v. The Knox County Bank, 1O. St. 133. We are by no means satisfied that the judgment in that case was erroneous. The question there arose upon a petition to vacate a judgment which had been rendered at a previous term against Doty and in favor of the bank for upwards of $4000, by confession on a warrant of attorney. The suit had been brought on a bill of exchange for $4000, and it appeared upon the hearing of the petition for vacation, that a portion of a prior bill for $1800 entered into and formed part of the consideration of the bill upon which judgment had been entered. And that, in the previous discounting of the $1800 bill, some foreign bank bills of a less denomination than ten dollars had been paid out by the bank, contrary to the provisions of the statute upon that subject. The court below held that the bill for $1800, by reason of the premises, was wholly void, and the bank thereupon remitted upon its judgment so much of the $1800 as had entered into the consideration of the bill on which judgment had been entered. The residue of this bill was found to have a good and valid consideration, to wit, other and previous bills of exchange on which Doty was justly indebted. The statute £ox*bade the vacating of the judgment until it should be adjudged that there was a valid defence to the action; and the question was whether, after this remittitur, the judgment thus induced should be wholly vacated, and the baxik be required to bi'ing its action on the valid bills, which had entei’ed into the consideration of the bill in suit, and as to which there was no defence. The court refused -to vacate the judgment in toto, and di’ive the parties into further litigation, which was requix-ed neither by considex’ations of justice, nor the provision of the statute, and would have left the parties where they then stood. It is not evexy defence which might be available when set up by answex’, at the proper time, that will require a judgment to be vacated in order that it may be intei-posed. In the case referi’ed to, the judgment of the court below was affirmed by this court. Whilst we think that judgment may well be upheld, yet as to the third point of the syllabus which *439 holds that, in so far as the prior illegal bill entered into the consideration of the renewed bill, the latter was merely rendered void fro tanto for want of consideration, a majority of the court, upon full consideration, think it cannot be reconciled with the current of the authorities, and that, in so far as it conflicts with the present decision, it is untenable.
The judgment of the district court is affirmed.
Welch, White, and McIlvaine, JJ., concurred.
Day, J., concurred in the judgment of affirmance, but not in the modification of the case of Doty v. The Knox County Bank.