## STORER *v.* HASKELL.

### *Intoxicating Liquor.* *Gen. Sts. c.* 94, *s.* 32.

In assumpsit under s. 32, c. 94, Gen. Sts., for money alleged to have been paid for intoxicating liquor sold in violation of law, it appeared that defendant, who was a druggist, sold his stock in trade, including a quantity of intoxicating liquor, to plaintiff, for a gross sum, reserving a lien thereon for a part of the purchase-money, for which plaintiff gave his notes. Plaintiff, having sold a part of the liquor, fell in arrear with his payments to defendant to an amount greater than the value of the liquor, and defendant took possession. Shortly afterwards, defendant consenting and joining in the bill of sale, plaintiff sold the goods to R., who paid defendant the remainder of his claim thereon. *Held*, that as it did not appear that plaintiff had paid anything towards the liquor at the time of the sale to R., and as the sale to R. was in effect a sale by defendant, and the payment to defendant by R. therefore not a payment on plaintiff's account, the action would not lie.

Assumpsit under s. 32, c. 94, Gen. Sts., for money alleged to have been paid for intoxicating liquor sold in violation of law. Plea, the general issue, and trial by jury, December Term, 1876, Caledonia County, Ross, J., presiding.

It appeared without contradiction, that on May 18, 1874, the defendant, who was then the keeper of a drug store in the village of St. Johnsbury, but not an authorized agent for the sale of intoxicating liquor, sold to the plaintiff, who was also not such agent, his business and his stock in trade, including "liquors, porter, and ale," for about $3,800, reserving a lien thereon for

about half of the purchase-money, which was evidenced by a memorandum, whereby plaintiff agreed to give his notes for the balance of the purchase-money, which memorandum was duly recorded in the town clerk's office ; that the plaintiff made payments from time to time until about January 1, 1876, when, there being about $300 of the purchase-money due, and about $1,400 unpaid, the defendant took possession of the store by an officer on a writ in his own favor, soon after which the plaintiff surrendered possession of the store and goods to the defendant ; that after about two weeks the plaintiff, with the defendant's consent, both joining in a bill of sale, sold the remainder of said stock, including liquors, to George D. Randall, who paid the defendant what the plaintiff owed him, and paid the remainder of the purchase-money to the plaintiff or his creditors. It further appeared that while the plaintiff was in possession of the store, he sold and used from the liquors included in his purchase of the defendant, and also purchased other liquors to a large amount ; that at the time of the sale to Randall, he had sold all of the liquor included in his purchase from the defendant, except a little wine ; and that while the defendant was 'in possession, he made sales, but accounted therefor to the plaintiff. To the admission of the evidence showing the amount of liquor on hand at the time of the sale to Randall, the plaintiff seasonably objected, for that it was immaterial.

As neither party desired to go to the jury except as to the value of the liquors sold by defendant to plaintiff, and the value of the liquor sold by plaintiff and defendant to Randall, the court directed a special finding thereon, and the jury found that the value of the liquors included in the sale from the defendant to the plaintiff was $80, and of the liquor sold to Randall, $245.68.

On the foregoing facts and the verdict, the court rendered judgment for the defendant to recover his costs ; to which the plaintiff excepted.

*Elisha May*, for the plaintiff.

At the time this suit was brought, the defendant had in his hands $80 received for intoxicating liquor illegally sold to the

plaintiff. Gen. Sts. c. 94, s. 9 ; *Hay* v. *Parker*, 55 Me. 355 ; *Ladd* v. *Dillingham*, 34 Me. 316. And it it may be recovered. Gen. Sts. c. 94, ss. 9, 32.

It makes no difference that the sale was conditional. *Hay* v. *Parker*, 55 Me. 355 ; *Ladd* v. *Dillingham*, 34 Me. 316 ; *Ellsworth* v. *Mitchell*, 31 Me. 247.

The defendant had no title to the liquor after the sale to the plaintiff that the law would recognize as valid. He could not have sued upon any of the notes, nor brought trover for the liquor. *Streit* v. *Sanborn*, 47 Vt. 702 ; *Widoc* v. *Webb*, 20 Ohio St. 431 ; *Brittel* v. *Grulich*, 37 Iowa, 212 ; *Waitzfelder* v. *Kalordalder*, 56 Barb. 300 ; *Woodruff* v. *Hinman*, 11 Vt. 592 ; *Buck* v. *Albee*, 26 Vt. 184, and cases *passim*.

But if the law be otherwise, it can make no difference as to the plaintiff's right to recover the $80. When Randall paid the defendant the $1,400, the defendant was fully paid for the liquor. The courts have held that money paid for liquor unlawfully sold, stands like money paid for usury. *Thayer* v. *Partridge*, 47 Vt. 423 ; *Streit* v. *Sanborn*, 47 Vt. 702 ; 3 Parsons Cont. 108, *et seq.* Thus the plaintiff may recover. *Nelson* v. *Cooley*, 20 Vt. 201.

The evidence as to the quantity of liquor on hand at the time of the sale to Randall was improperly admitted.

*Dickey & Blodgett* and *H. C. Bates*, for the defendant.

The plaintiff never paid for the goods. He failed to pay his notes when they became due, and voluntarily surrendered the possession of the goods to the defendant, who was the owner of them, and entitled to possession as matter of law. *Burnell* v. *Marvin*, 44 Vt. 277 ; *Wooley* v. *Edson*, 35 Vt. 214 ; *Deering* v. *Austin*, 34 Vt. 330 ; *Buckmaster* v. *Smith*, 22 Vt. 202 ; *Bradley* v. *Arnold*, 16 Vt. 382 ; *Bigelow* v. *Huntley*, 8 Vt. 151 ; *West* v. *Bolton*, 4 Vt. 558.

The plaintiff's payments were general, and should be applied to the extinguishment of that portion of the notes that constituted a legal debt. *Wood* v. *Barney*, 2 Vt. 369 ; *Bancroft* v. *Dumas*, 21 Vt. 456 ; *Wright* v. *Laing*, 3 B. & C. 165 ; *Backman* v. *Wright*, 27 Vt. 187.

The opinion of the court was delivered by

DUNTON, J. The statute under which this suit was brought, s. 32, c. 94, of the Gen. Sts., provides that all payments for liquor sold contrary to law, shall be held and considered to have been received in violation of law, and may, in an appropriate action, be recovered back. Although the liquors in question were illegally sold, there is nothing in the case to show how much, if anything, was paid for them. It would hardly do to assume that the plaintiff paid, or agreed to pay, their value. The section of the act under which this suit was brought, is in the nature of a penal statute; and it is questionable, to say the least, whether it should receive such a liberal construction as would have to be given to it, to entitle the plaintiff to recover the value of the liquors as found by the jury, even had the entire indebtedness of the plaintiff to the defendant for the stock of goods been paid prior to the defendant's taking possession of the same to enforce his lien. The amount recoverable in cases of this kind is the sum paid for the liquor, irrespective of its value.

Assuming that the notes were given as required by the contract, whatever payments were made by the plaintiff were payments upon the notes, the same having been given for all the goods, including the liquors in question, and no specific price having been fixed upon the different articles or classes of articles included in the sale. As a part of the consideration of these notes was *illegal*, the notes themselves were *illegal* and *void*. *Woodruff* v. *Hinman*, 11 Vt. 592; *Hinesburgh* v. *Sumner*, 9 Vt. 23; *Dixon* v. *Olmstead*, 9 Vt. 310; *Bowen* v. *Buck*, 28 Vt. 308. Whatever payments were made by the plaintiff upon the notes, cannot be said to be payments for the liquors any more than towards the rest of the goods. Had the entire consideration of the notes been intoxicating liquors, then the case would stand differently. If the consideration for which these notes were given could be separated, the legal from the illegal, and payment for the goods other than the liquors enforced, then, as there was no direction by the plaintiff, nor agreement between him and the defendant, as to the application of the payments, it is a well-settled rule of law that they should be applied to that part of the demand which consti-

tutes a legal debt.  *Buckman* v.  *Wright*, 27 Vt. 187 ;  *Bancroft* v. *Dumas*, 21 Vt. 456 ;  *Wood* v. *Barney*, 2 Vt. 369.  This would leave the liquors not paid for up to the time of the sale to Randall.

At the time of such sale, the defendant had taken possession of the goods by virtue of the lien reserved in the contract of sale, the plaintiff having failed to make the payments as required by such contract.  The goods were the defendant's, and subject to his disposal.  By his consent they were sold to Randall, which was really a sale from the defendant to Randall, the defendant receiving enough from the proceeds of such sale to pay him the balance due him upon said notes, and allowing the plaintiff to take the remainder.  This, at law, he was not obliged to do.  On failure to pay the notes, by the terms of the contract the plaintiff's interest in the goods ceased.  *Buckmaster* v. *Smith*, 22 Vt. 203 ;  *Burnell* v. *Marvin*, 44 Vt. 277.  The defendant, therefore, simply retained out of the proceeds of the sale of his own goods, enough to pay the balance due him from the plaintiff upon said notes.

Judgment affirmed.