EDWARDS v. RUMPH.

1. APPROPRIATION OF PAYMENTS: *Legal and illegal debts.*
   Where a debtor makes a payment to a creditor having different debts against him, some of which are usurious, without directing its application, the creditor must apply it to the legal in preference to the usurious debts.

2. USURY: *Collateral security for usurious debt.*
   In an action in equity to collect a usurious debt, for which the creditor holds collateral securities, the court should not only dismiss the bill, but order the securities to be delivered up.

APPEAL from *Nevada* Circuit Court, in Chancery. Hon. L. A. BYRNE, Judge.

*Smoote, McRae & Hinton*, for appellants.

1. The cross-appeal should be dismissed because Rumph failed to except to the decree. *Mansf. Dig., secs. 4915, 4916, 4917, 4910, 5317, 6363, 5157, 5160, 4927.*

2. The defense of usury is made out and Edwards could plead it as a full defense in this action having been brought in as defendant in equity by Rumph. *18 Ark., 369; ib., 456; 34 ib., 28; 9 Johnst., 122; 9 Am. Dec., 283; 9 Gill, 299; 62 Am. Dec., 694.*

A note or mortgage, usurious in part, is void *in toto*, and cannot be validated by crediting the usury thereon. *35 Ark., 217.*

If commissions and interest amount to more than can be lawfully taken they are usurious. *18 Ark., 294; 1 Mc-Cord, 350.*

Payments will not be applied to the discharge of usurious interest. *32 Ark., 346.*

3. The value of the eight bales of cotton accounted for, together with the usury, extinguished the debt sued on.

The court having found that Edwards owed Rumph nothing, erred in rendering a judgment against Bolden on the notes held by Rumph as collateral security. The debt being extinguished, Rumph was not entitled to judgment.

*B. W. Johnson*, for appellee.

As to what is necessary to constitute usury, see *9 Peters, 400; 12 Pick., 586; Chitty on Cont., 9th Ed., pp. 708–9.*

If there was no mutual agreement and understanding

between the parties at the time of making the notes and trust deeds, that Rumph was to charge, and Edwards to pay more for the loan of the money than allowed by law, then there was no usury. *4 Fla., 404; 1 Bard. Ch., 43; 2 Iowa, 604; ib., 607; 9 Wheat, 581; 4 Comst., 364; 1 Kern (N. Y.), 368; 41 Ark., 331.*

The charge of 5 per cent commissions on advances, as was the custom of merchants at Camden, was not usurious, and was stricken out. This was not usury, and the parties had the right so to do, and neither the notes nor trust deeds, disclosed any such facts, and hence were not usurious. *25 Ark., 191; 25 ib., 258; 9 ib., 22; Tyler on Usury, 103; 2 Black, 865; 21 N. Y., 219.*

The court having rendered a decree against Bolden, should have condemned the lands to be sold. *29 Ark., 218; 16 ib., 145; 14 ib., 626.*

Insists: *First*—That there was no usury in the original transactions.

*Second*—That Edwards is justly indebted to Rumph, in the amount claimed, less the amount that the Bolden land may bring at public sale, and

*Third*—That said land should have been condemned and sold, and the proceeds, after paying costs, credited on the balance due from Edwards to Rumph.

BATTLE, J.   G. B. Rumph was a merchant doing business in the city of Camden, in this state, during the years 1879, 1880, 1881, 1882 and 1883. Joe Edwards was a farmer and during these years bought goods, wares and merchandise, and borrowed money of Rumph, on a credit. On the moneys loaned Rumph charged, and Edwards agreed to pay, 15 per cent. interest. They settled annually, Edwards giving new notes to cover balances due and future advances, and deeds of trust to secure the

31–48

same.  On the 2d of March, 1882, on a settlement, Edwards was found to owe Rumph $822.25.  Fifteen per cent. interest was charged and added to this balance, pursuant to an agreement between Rumph and Edwards, for indulgence and extension of time for payment.  On the 4th of April, 1882, Edwards executed his note to Rumph for the sum of $1100 to cover this balance and interest, and in settlement and payment thereof and of future advances, payable on the first day of November following, and bearing 10 per cent. per annum interest from the maturity thereof until paid, and executed a deed of trust to secure the same and other indebtedness of Edwards to Rumph which should be existing at the time of the maturity of the deed of trust.  In this deed certain lands were conveyed in trust as security.  Edwards sold a part of this land to William Bolden for the sum of $400, and Bolden gave two notes for the purchase money.  Edwards deposited these notes with Rumph as collateral security for the payment of his indebtedness to Rumph.  In the meantime Edwards continued to trade with and borrow money of Rumph.  On the 1st of March, 1883, Edwards' debits to Rumph, including the balance of $822.25 and the 15 per cent. added thereto, were $1681.80, and his credits amounted to $1271.32, leaving a balance of $410.48 due Rumph.  Bolden failing to pay the first of his notes falling due, Rumph brought this action against Edwards and Bolden, in the Nevada circuit court, on the equity side thereof, to recover of Edwards the $410.48, and asked in his complaint to be subrogated to all the rights and privileges of Edwards as vendor of the land sold to Bolden; that the land be sold under a decree of the court; that the proceeds of the sale be applied to the payment of the amount due on the note of Bolden then due; that the amount so applied to the payment of Bolden's note be

paid to Rumph in part payment of the balance due him by Edwards; and that the residue of the proceeds, if there should be any, be held subject to the order of the court for the payment of the other note of Bolden when it should fall due, and for general relief. And Edwards pleaded usury by way of defense.

In the hearing, evidence was introduced which established the foregoing facts.

The court found that the debt secured by the deed of trust executed on the 4th of April, 1882, was usurious and void; that the open account of Rumph against Edwards for the year 1882 was not usurious, but had been paid in full; that plaintiff was not entitled to foreclose the deed of trust; that plaintiff was an innocent purchaser of the notes of Bolden before maturity; that these notes were due and unpaid; and that there was due upon them the sum of $430.21; and decreed that plaintiff take nothing by this action; that Edwards have and recover of Rumph all his costs; and that Edwards further have and recover of Bolden the $430.21 for the use and benefit of Rumph.

Both parties have appealed to this court.

There is a distinction made in equity between suits brought to enforce usurious contracts and actions for relief against such contracts. In the first case a court of equity will refuse any assistance and repudiate the contract, and in the other case will interfere on the condition that plaintiff will pay the defendant what is really and *bona fide* due him, and lawful interest. "The ground of this distinction is, that a court of equity is not positively bound to interfere in such cases by an active exertion of its power; but it has discretion on the subject, and may prescribe the terms of its interference; and he who seeks equity at its hands may well be required to do equity. And it is against conscience that the party should have

full relief, and, at the same time, have the benefit of the contract complained of, which may have been made at his own solicitation. For, then, a statute made to prevent fraud and oppression, would be made the instrument of fraud." But in the other case, if equity should enforce the contract, "it would be aiding a wrong-doer who is seeking to make the court the means of carrying into effect a transaction manifestly wrong and illegal of itself." *1 Story Eq. Jur., sec. 301.*

1. APPRO-
PRIATION
OF PAY-
MENTS:
Legal and
illegal
debts.

The note for $1100 is manifestly void on account of usury. The remainder of the indebtedness of Edwards to Rumph has been paid. As already stated, the amount of the entire indebtedness was $1681.80. There was paid on account $1271.32. This was not appropriated to the payment of any particular item of indebtedness. Rumph himself had no right to ascribe this payment upon the usurious part of Edwards' indebtedness without the permission of Edwards; and the courts will not. *Gill v. Rice, 13 Wis., 549; McAlister v. Jerman, 32 Miss., 142.* The payment should be first applied to so much of the indebtedness of Edwards as was legal. *Wright v. Lainy, 3 B. & C., 165; Treadwell v. Moore, 34 Me., 112; Bockman v. Wright, 27 Vt., 187; Seymore v. Morris, 11 Barb., 85; Caldwell v. Wentworth, 14 N. H., 431.*

2. USURY:
Collateral
security for
usurious
debts.

Appropriating the payments made in the manner indicated, all the indebtedness of Edwards, except a small part of that tainted with usury, will be paid. This being true, Rumph can recover nothing in this action. The court below committed an error, which probably was the result of the hurry of business, and was, manifestly, an oversight. While it found that Edwards was not liable, in law or equity, for any part of the claim sued on, yet it rendered a decree in favor of Edwards, for the use and benefit of Rumph, for the amount due on the notes of

Bolden. These notes were only placed in the hands of Rumph as collateral security for the payment of Edwards' indebtedness to him. When Edwards was absolved from this indebtedness Rumph's right to hold the notes as collateral security ceased to exist. Rumph had no right to appropriate the property of Edwards to the payment of a claim he did not owe.·

The court below should have required Rumph to bring into court the deeds of trust and notes executed by Edwards to be canceled; should have canceled the same; should have required Rumph to surrender and deliver Bolden's notes to Edwards; and rendered judgment in favor of defendants against plaintiff for costs.

The decree of the court below is, therefore, reversed, and this cause is remanded, with instructions to the court to enter a decree herein in accordance with this opinion, and for other proceedings.