ROBERT LEIGHTON *versus* Z. B. STEVENS.

Where property is sold upon condition, to one who is allowed to assume possession, and the apparent ownership, third persons have a right to consider it as his; and it is incumbent on the vendor, who would claim the ownership adversely to the rights of such third persons, to prove that the condition has not been performed.

Possession of property is legal *prima facie* evidence of ownership.

REPLEVIN against the defendant, who justified the taking by virtue of a precept in favor of F. O. J. Smith, against one Joseph A. Lambert. On the trial, before SHEPLEY J. a verdict was rendered in favor of the plaintiff, which the defendant moved to set aside, as against law and against evidence. The facts sufficiently appear in the opinion of the Court.

The case was submitted without argument.

*F. O. J. Smith*, for the defendant.

*Codman & Fox*, for the plaintiff.

The opinion of the Court was delivered by

WHITMAN C. J. — The motion in this case is at common law, for a new trial, on the ground that the verdict is against evidence and against law. The action is replevin for a yoke of oxen, with their yoke, ring, and staple. The defendant justifies the taking as an officer, &c. as the property of one Lambert. The plaintiff proved that he bought the oxen of one Allen; and afterwards made a bargain with Lambert to sell them to him; but stipulated that the oxen should remain his property till paid for by Lambert. No evidence was offered of the time when the oxen were to be paid for; nor whether they had been paid for or not; nor was there any evidence of what took place at the delivery of the oxen to Lambert; and the only evidence of any delivery to him was his subsequently being seen to be in possession of the cattle, using them as his own. The verdict was for the plaintiff, as well for the bows, ring and staple, as for the oxen.

The plaintiff offered no evidence whatever of his title to the bows, ring and staple. And we think there should have

been further evidence of his right to claim the cattle. He had suffered them to go out of his possession, into the possession of Lambert, and had allowed Lambert to use them as his own. Under such circumstances the legal *prima facie* presumption is, that Lambert had become the owner of them. This presumption the plaintiff, to entitle him to recover, should have rebutted by proof of an actual ownership, consistent with the apparent ownership of Lambert. With a view to do this he proved a bargain with Lambert as before stated. But gave no evidence whether Lambert had paid for the oxen or not. If property be put into the hands of an individual, who is allowed to use it as his own, and to assume the apparent owner-ship of it, third persons, and especially creditors, have a right to consider it as his; and, when their interest intervenes, it is incumbent on him, who would claim to be the real owner, adversely to such individual and third persons or creditors, whose rights have come in conflict with his, to give satisfactory proof of his being the real owner; and, in a case like the present, where a sale is set up by the plaintiff as having been made upon condition, to prove that the condition had not been complied with. We think the burden of proof was upon him, in a case circumstanced like the present, to show this. Not having done this, and there being no evidence that the yoke, ring and staple were his property, a new trial must be granted.