ROBERT LEIGHTON *versus* ZACHARIAH B. STEVENS.

Where a pair of oxen had been conditionally sold, but were to remain the property of the seller until paid for, and were delivered into the possession of the conditional purchaser, and before payment therefor were attached and taken as his property, all right of such purchaser to the possession was held to have been determined, when the owner informed him, that he should take back the oxen, and in his presence demanded them of the attaching officer.

REPLEVIN for a pair of oxen. The defendant justified as an attaching officer upon a precept against one Joseph H. Lambert, in whom he alleged the property to have been at the time of the attachment on June 24, 1837.

The verdict was for the plaintiff, and no objection appears to have been made to the ruling of the Judge; but the defendant moved that the verdict should be set aside because it was against the evidence, and without evidence to sustain it; because it was against law; and because it was against the evidence and the law, and against the instructions of the Court upon the law of the case.

So much of the facts as may be pertinent to the questions of law raised will be found in the opinion of the Court.

*F. O. J. Smith,* for the defendant, contended that the action could not be maintained until after the plaintiff had rescinded the contract, and demanded back the property. The demand on the officer was not sufficient to rescind the con-

tract.   It should have been made of Lambert.   *Fairbanks* v. *Phelps,* 22 Pick. 538; *Wheeler* v. *Train,* 3 Pick. 255; *Wyman* v. *Dorr,* 3 Greenl. 183.

*Codman* and *Fox,* for the plaintiff, contended that the verdict was right, even upon the gentleman's own view of the law, so far as it had any applicability to the case.

The opinion of the Court was drawn up by

SHEPLEY J. — This case having been again submitted to a jury, and they having found a verdict again for the plaintiff, a motion has been made to set it aside as against the weight of evidence.   And it is insisted, that the witnesses introduced by the plaintiff did not agree, but differed materially in their account of the transaction.   There may be very good reason to conclude, that some of them were either mistaken, or inclined to misrepresent; but this was a matter for the consideration of the jury; and they may have been satisfied from the attending circumstances, that the witness, who made the bargain with the plaintiff, and must have known, what it really was, stated it truly.   And this would have been sufficient to authorize the verdict.   It is also insisted, that the contract with Lambert was for a conditional sale, and that there must have been proof, that the plaintiff had rescinded it to entitle him to maintain the action.   The testimony of Lambert is in substance, that he agreed with the plaintiff for the purchase of the oxen at the price of $110, and " they were to remain plaintiff's till paid for."   That he had not fully paid for them; that as soon as they were attached he informed the plaintiff, who " said the oxen were his, and he should take them back, we then went to Stevens, told him the bargain, and plaintiff demanded the oxen of Stevens."   According to this testimony the right of property had not passed to Lambert; and whatever right he might have had to the possession was determined between him and the plaintiff, when he was informed by the plaintiff, that he should take them back, and afterwards went with him, and without objection heard the plaintiff demand them of the defendant as his property.

*Judgment on the verdict.*