### THEODORE A. DEERING v. ISAIAH AUSTIN.

#### *Trover.   Conversion.*

The law is too well settled in this State to be departed from, that one who pur-
chases personal property of a person having it in possession, but who is not
the true owner, and has no right to sell it and takes possession, claiming
title to it as owner, and puts it to use, is liable in trover to the owner, with-
out demand or notice ; although he purchased it in good faith, of one he
supposed to be the true owner, and entitled to sell it.

But where the defendant took a cow of W., who was not the owner of the
cow, but of this the defendant had no knowledge, to keep through the winter,
under a contract that he might buy her in the spring, if W. did not pay him
for her keeping, it was held that the defendant could not be regarded as a
purchaser of the cow, or as claiming a right to her as owner.

W. who was the owner of a cow, on the 30th of August, 1859, turned her out
to the plaintiff as security for a debt which he owed him, and delivered her
into his possession, and the plaintiff kept her until October 30th, 1859, when
W., not having paid the debt to the plaintiff, wrongfully took the cow into
his own possession, and contracted with the defendant, who had no knowl-
edge but that W. was the rightful owner, to keep the cow for him through
the ensuing winter for eighteen dollars. with a provision that if W. did not
pay the eighteen dollars in the spring, the defendant might purchase the cow
and pay W. twenty dollars for her.   December 3, 1859, the plaintiff sold his
interest in the cow to one Fowler, who called on the defendant April 12, 1860,
notified him of his title, and demanded the cow.   Defendant refused to give
her up.   Except this there was no evidence of any conversion by the defend-
ant, and it was *held,* that this was no evidence of a conversion in this suit,
although it might have been in a suit in the name of Fowler.

This was an action of trover for a cow ; plea, the general
issue, and trial by jury, at the December Term, 1860,—BARRETT,
J., presiding.

To sustain his title to the cow, the plaintiff gave in evidence
a writing, signed by one Whitney, dated August 30, 1859, by
the terms of which, the said Whitney turned out to the plain-
tiff the cow in  question, to secure him for $15, which Whitney
owed the plaintiff, and Whitney had the right to redeem the
cow by paying the plaintiff the $15, on or before October 30th
then next.   At the time this writing was given, Whitney was the
owner of the cow.

The defendant gave in  evidence, a writing signed by the plain-
tiff, of which the following is a copy : .

Deering *v.* Austin.

"East Bethel, December 3d, 1859.

This certifies that I have this day sold to Alonzo Fowler all claim, demand, and interest, which I have in a red, four years old cow, which was given and turned out to me by George H. Whitney, as security for the payment of fifteen dollars, the receipt of which from the said A. Fowler I hereby acknowledge, and I will so far assist him in obtaining possession of said cow as possible, without making cost for myself, which he may do in my name or otherwise."

(Signed)                    "T. A. DEERING."

On the back of this paper was the following:

"If this proves to be good, I am to pay Deering fifty cents more."

The plaintiff took possession of the cow under the contract of August 30, 1859. The plaintiff testifies that he had no interest in the cow after the writing, dated December 3, 1859, was given, and that he had no interest in this suit, it having been brought by Fowler in his name without his knowledge. It appeared that on the 3d of December, 1859, and for some time previous, the cow was not in the plaintiff's possession, but had been before that time taken by Whitney, but, as the plaintiff gave evidence tending to prove, wrongfully, and without his consent. Upon this testimony, the defendant requested the court to charge the jury that the plaintiff was not entitled to recover, even though the defendant had converted the cow to his own use previous to December 13, 1859, but the court declined so to charge, to which the defendant excepted.

The plaintiff gave evidence tending to prove that the cow was in possession of the plaintiff from August 30, 1859, until October 30, 1859, when Whitney, not having paid the money named in his contract to the plaintiff, took the cow from the plaintiff without his consent, and against his will, and drove her to Tunbridge, where the defendant then resided, and that an agreement was made between the defendant and Whitney previous to December 3, 1859, that the defendant should keep the cow for Whitney through the winter, and have the right to purchase the cow at the expiration of foddering time, by paying for her the sum of twenty dollars, unless Whitney should at that time, pay to the

defendant eighteen dollars for keeping the cow through the winter ; that the defendant took the cow under this arrangement, and claimed title to her, and the right to hold her as against others, and refused to surrender her to Fowler. It appeared that Whitney resided in the same house with the defendant, but not in the defendant's family, and had the entire use of the cow. The defendant requested the court to charge the jury, that even if such arrangement, as the plaintiff's testimony tended to prove, was made between the defendant and Whitney, previous to December 3, 1859, and the cow was therefore taken upon the premises of the defendant, and there kept, it would not constitute a conversion. But the court charged the jury, that under such circumstances, the defendant would be guilty of a conversion of the cow, previous to December, 3, 1859, provided the jury found that the defendant, previous to December 3, 1859, either claimed a title to the cow, as a conditional purchaser, or claimed a lien upon her for the expenses of her keeping, and in pursuance of such title, or claim, took possession of, and held her as against other claimants, and that for this purpose, they might consider the acts and declarations of the defendant in respect to the cow, subsequent to December 3, 1859, and previous to, and at the time of, the commencement of the suit. It appeared that Fowler received the cow from the defendant within three days after the commencment of the suit, and had ever since retained her.

To the refusal of the court to charge as requested, and to the charge as given, the defendant excepted.

Verdict for the plaintiff for nominal damages and costs.

*Charles M. Lamb*, for the defendant.

*Denison & Henry*, for the plaintiff.

POLAND, Ch. J. If there had been a conversion of the cow by the defendant, before the plaintiff made sale of her to Fowler, the action therefor was properly brought in the plaintiff's name. The mere right of action could not be transferred so as to enable Fowler to sue it in his own name. Nor do we perceive any want of proper authority in Fowler to sue in the plaintiff's name ;

Deering *v.* Austin.

the writing executed to Fowler expressly authorizes it, and it is not a question the defendant has a right to make, so long as the plaintiff makes no objection.

The more important question in the case is, whether there was any proper evidence in the case upon which a conversion of the cow by the defendant could have been found, prior to the 3d of December, 1859, when the plaintiff parted with his title to Fowler. For any conversion after that time, the action must be brought by Fowler, who had become the owner of the property,

The facts, as stated in the bill of exceptions, appear to be as follows : Whitney, who owned the cow on the 30th of August, 1859, turned her out to the plaintiff, as security for a debt of fifteen dollars, and delivered her into the plaintiff's possession, who kept her till the 30th of October, 1859, when Whitney, not having paid the fifteen dollars, wrongfully retook the cow from the plaintiff, into his own possession, and drove her to Tunbridge. Whitney thus having the cow in his possession as the apparent owner, at some time prior to December 3, 1859, contracted with the defendant, who had no knowledge but that Whitney was the rightful owner, to keep the cow for him through the ensuing winter, for the sum of eighteen dollars, with a provision, that if Whitney in the spring did not pay the eighteen dollars, the defendant might purchase the cow, and pay Whitney twenty dollars for her. Under this contract, the cow went into the possession of the defendant, before the 3d of December, and was kept by him through the winter, Whitney living in the same house with the defendant, and having the sole use and benefit of the cow.

About the 12th of April, 1860, Fowler called on the defendant and demanded the cow, when the defendant refused to surrender her, and said his claim to the cow was sure, for he bought her of Whitney, two or three weeks before Fowler bought her of Deering, the plaintiff. Except this, there was no evidence of any conversion by the defendant, and after this suit was brought by Fowler, the defendant gave up the cow to him. The court charged the jury, that if they found that previous to December 3d, the defendant claimed title to the cow, either as a conditional purchaser, or claimed a lien upon her for the expense of keeping, as against other claimants it would be a conversion. It does not appear there

was any evidence of any claim whatever by the defendant prior to December 3d, except that the cow was in his possession under said contract with Whitney, and what may be inferred from what he said to Fowler in the April following about having purchased her.

It seems to have been held in this state as early as the case of *Riford* v. *Montgomery*, 7 Vt. 411, that where one purchased personal property of a person having it in possession, but was not the true owner, and had no right to sell it : and took possession claiming title to it as owner, and put it to use, that this was an actual conversion, and made him liable in trover to the owner without any demand or notice, though he purchased in good faith of one he supposed to be the owner, and entitled to sell it. This same principle seems also to have been held in *Grant* v. *King et al.*, 14 Vt. 367, and *Swift* v. *Moseley et al.*, 10 Vt. 208. This certainly seems a very harsh doctrine, that an honest purchaser of property from one in possession, professing to be the owner, and whom he supposed to be the owner, who has been guilty of no other act of conversion except to hold possession, and claim title as owner, as he honestly supposed himself to be, should be made liable for a wrongful conversion of the property, and subjected to an action therefor, until the real owner had first made known his title to him, and called upon him to surrender the property ; but perhaps the principle is too well settled in this state to be now departed from. We certainly do not feel inclined to extend the doctrine beyond what has already been decided.

The courts in many other states hold a different, and more reasonable rule on the subject. In *Parker* v. *Middlebrook*, 24 Conn. 207, it was held that the purchase of property under such circumstances, and holding possession as owner under such purchase, was not of itself a conversion of the property, and did not subject such purchaser to an action until a refusal to surrender the property, after notice of the owner's title. Other cases cited by the defendant's counsel show that this rule prevails in several other states, and it seems to have been recognized by the English courts. If the question were new we should regard this as the more reasonable rule.

But does the present case come within this rule ? The plaintiff claims that what the defendant said to Fowler in April, was

Deering *v.* Austin.

evidence from which the jury might properly have found that the defendant had purchased the cow and held possession of her, claiming to own her before the first of December. But by reference to the exceptions, it fully appears that the plaintiff did not claim any such thing at the trial ; his own evidence, as well as that of the defendant, proved it was not so. The defendant had possession of the cow under his contract to keep her through the winter for Whitney, with the condition that he might buy her if Whitney did not pay for the keeping ; and it is perhaps fair to presume that he claimed whatever he was entitled to under the contract. There was no evidence that he claimed or said anything about his right ; there was no occasion for him to do so, as no person appeared to make any question as to Whitney's right to the cow. But under this contract the defendant could not be regarded as a purchaser of the cow, as claiming a right to her as owner. He had no right to become the owner of her at all if Whitney paid for her keeping, and if he did not, then it was optional with the defendant whether he would purchase her. We think it can be regarded as no more than this, that the defendant had the cow in his possession under a contract to keep her for Whitney. The condition about the purchase seems rather to have been a mode of security for the keeping than a sale.

The refusal of the defendant to surrender the cow to Fowler, on being notified of Fowler's title, was undoubtedly a conversion, and would have subjected him to an action by Fowler, but not to the plaintiff, who had parted with his title to Fowler long before. His declarations to Fowler can be regarded only as admissions as to how he held the cow before December 3d, and though in the absence of anything else in the case they might have warranted a finding that he purchased the cow then of Whitney, yet all the evidence of both parties proved that was not true, and it was not claimed to be. It does not follow at all that because the defendant refused to give up the cow in the spring, after he had kept her through the winter, that he would have so refused before December 3d, if he had then been called upon. We are of opinion that there was no proper evidence tending to show a conversion of the cow while the plaintiff owned her, and that the jury should have been so directed.

Judgment reversed and the case remanded.