ELIAS BURNELL *v.* T. B. MARVIN.

*Conditional Sale. Title. Attaching Creditor. Trover. Parties.*

A vendor of a chattel sold upon condition that it is to remain his property until paid for, is the *entire* owner, with absolute right of possession, upon failure of vendee to pay according to the condition.

But the vendor may sell to a third person, and invest him with the same right that the vendor had, subject to the contingent rights of the conditional vendee.

Where the vendor so sells and transfers all his title and interest to a third person, while the chattel remains in the possession of the conditional vendee, and the same is attached as the property of the latter, an action of trover therefor must be in the name of such third person, and not the conditional vendor.

TROVER, brought in the name of the plaintiff, but by and for the benefit of B. F. Assinault, to recover for the value of a wagon. Plea, the general issue and trial by jury, and verdict for the plaintiff, April term, 1871, ROYCE, J., presiding.

It was admitted that the defendant, as constable of the town of Swanton, attached and sold the wagon in controversy before the bringing of this suit, on a writ of attachment in favor of E. S. Meigs and against J. A. Potwin. The plaintiff introduced and read in evidence the contract referred to in the testimony, and of which the following is a copy :

"Swanton, Aug. 14, 1861.

" This day let J. A. Potwin have a wagon or buggy that I am to hold as my own for the security of the payment of ninety dollars, said ninety dollars to be paid as follows : twenty-two dollars and fifty cents in three months from date, $22.50 in six months, $22.50 in nine months, and $22.50 in twelve months.

"J. A. POTWIN."

The plaintiff was a witness, and testified, in substance, that he built the wagon in his own shop, and sold it upon condition to Potwin, but he had no recollection as to details of the trade, but Potwin never had paid him. Said Assinault testified, in substance, that he bought of the plaintiff said paper, or contract, in December, 1861, and paid him therefor ninety dollars : that Potwin was then using the wagon in his livery stable ; that he afterwards gave up keeping a livery, and put the wagon in a barn

belonging to the witness, but occupied by one Manser,·a tenant of the witness, the witness having got permission to put it there; that Potwin afterwards put it in another barn belonging to a Mr. Waite; that he spoke to Potwin about selling it while in Manser's barn, and Potwin said, "If you have a chance to sell it, do so," and he had a man see it with a view of buying; that Potwin never claimed the wagon. The testimony tended to show the wagon was attached while in Waite's barn, and its value. The plaintiff then rested.

After the plaintiff rested, the defendant moved for a nonsuit, upon the ground that the evidence showed that the plaintiff had parted with all the title and interest he ever had in the wagon, and had neither the possession or right of possession at the time of the alleged conversion, and that the suit could not be maintained in his name. The court refused to enter a nonsuit, to which the defendant excepted. The substance of the requests to the court, and the charge of the court to the jury, and the facts proved, are stated in the opinion of the court. To the charge, and refusal to charge as requested, the defendant excepted.

*H. A. Burt*, for the defendant.

The refusal of the court to order a nonsuit, after the plaintiff had rested his case, was error. At the time of the alleged conversion of the wagon in question, the plaintiff had no interest whatever in the same, and no right of possession. The contract between the plaintiff and Assinault operated to transfer to Assinault all the interest the plaintiff had in the wagon. As Potwin, who had the actual possession of the wagon, was made cognizant of, and consented to, the sale from the plaintiff to Assinault, the general property in the wagon vested in Assinault. Potwin, at the time of the alleged conversion, had ceased to have any rights remaining by virtue of his conditional purchase, having failed to perform the conditions of the purchase, and this was so even at the time of the sale by the plaintiff of his interest in the wagon to Assinault. · *West* v. *Bolton*, 4 Vt., 588; *Bigelow* v. *Huntley*, 8 Vt., 151; *Bradley* v. *Arnold*, 16 Vt., 382; *Buckmaster* v. *Smith*, 22 Vt., 202–3; *Wooley* v. *Edson et als.*, 35 Vt., 214;

*Deering* v. *Austin*, 34 Vt., 330. That the charge of the court was error, see *Wooley* v. *Edson et als., supra; Deering* v. *Austin et als., supra; Russell* v. *Filmore*, 15 Vt., 130; Barbour on Parties, 170 and 171; *Hall* v. *Robinson*, 2 Comstock, 293; Hilliard on Torts, Vol. 1, § 42 of chapter 1; *Darnell* v. *Thompson,* 13 Ala., 440.

*H. S. Royce*, for the plaintiff, maintained that the action was properly brought in the plaintiff's name. *Lord* v. *Bishop*, 18 Vt., 141; *Craine* v. *Paine*, 4 Cush., 483; *Halley* v. *Huggeford*, 8 Pick., 73; *Boynton* v. *Willard*, 10 Pick., 165. The wagon, at the time of the transfer of the bill of sale from the plaintiff to Assinault, was not the subject of sale. It was incapable of delivery. Potwin then had the actual possession and the right of possession. 2 Kent's Com., 468. One who has conditionally sold personal property, and parted with the possession, has not the absolute title. Therefore, Assinault could neither acquire the absolute title nor the possession. The plaintiff's claim upon the wagon was qualified, and rested in and was governed by the contract.

The opinion of the court was delivered by

REDFIELD, J. This action is trover for a wagon. The plaintiff sold the wagon, conditionally, to J. A. Potwin, August 14, 1861: reserving the property in himself until the purchase-money—$90 —was paid. A contract stipulating for the payment in instalments and containing the conditions, was executed by Potwin to the plaintiff at that date. Potwin never paid any portion of the purchase-money. In December, 1861, plaintiff sold his right and interest in the wagon to one Assinault, who paid him therefor $90. The defendant, as constable of Swanton, attached the wagon on regular process in the fall of 1863, as the property of said Potwin : and for such attachment and conversion this suit is brought. The purchase-money for the wagon having become due, and remaining unpaid at the time of the alleged conversion, the plaintiff, if he had not parted with his title, was the entire owner of the wagon with the absolute right of posse sion. *Bradley* v. *Arnold*, 15 Vt., 382; *Buckmaster* v. *Smith*, 22 Vt., 203.

The plaintiff, being the owner, could sell, and invest his vendee with the same rights that he had himself: subject to any contingent right of Potwin. *Deming* v. *Austin*, 34 Vt., 330.

The defendant requested the court to charge the jury " that if they should find that the plaintiff, in December, 1861, sold and transferred whatever title and interest he had in the wagon to Assinault, and that the wagon, at the time of the alleged conversion, was in the possession of Assinault, with the right to sell and dispose of the same, that the plaintiff could not maintain this suit."

We think this request should have been substantially granted.

The testimony tends to show that Assinault bought, not only the *contract*, but the plaintiff's right and interest in the *wagon*. Indeed, it would seem a very singular contract that plaintiff should sell the right to collect *payment* for the wagon, retaining in himself the *property*.

It is true that if a suit counting on the *contract* had been brought to recover the instalments named in the contract, it must have been brought in the name of the plaintiff, although Assinault was the owner of the property ; because the contract was not *negotiable*.

But this is an action of tort for wrong and injury to property. The contract was *evidence* of title. The plaintiff could as well have made a *prima facie* case by proving that he made the wagon in his own shop and from his own material. The defense must then have called out the contract, and that would have still left the title in the plaintiff. He must then have gone further and proved that he had fulfilled the *conditions* and *paid* for the wagon.

The court charged the jury that " if Assinault had acquired all the *interest and title of Potwin* in the wagon, so that it had become absolutely his before the alleged conversion, that the suit should have been brought in the name of Assinault." We think this was error. It was not necessary that he should have " acquired the interest and title of Potwin," for *he* had no title that he could convey until he had paid the stipulated price : no part of which he has yet paid.

It would be a very anomalous case that Assinault should have paid to the plaintiff the full agreed price of the wagon, and Potwin have paid nothing and insolvent, and still the plaintiff remain

the absolute owner of the *property*. The suit having been instituted in the interest and for the benefit of Assinault, we should be reluctant to turn the plaintiff out of court upon a technicality, if there was any escape. But the plaintiff appears an entire stranger to the case and the title. He testified that after he received his full pay for the wagon, he felt no further interest, and the whole matter had escaped his recollection. He knows that he was paid for the wagon, but the details and incidents he has forgotten.

The judgment of the county court is reversed, and the cause remanded.