### LEVI BOUTWELL *v.* ORISON FOSTER.

#### *Illegal Contracts. Offset.*

If a person sell spirituous liquors in this state, without a license, and in direct violation of the positive provisions of the statute, such sale is illegal, and he can sustain no action therefor.

The illegality of such a sale, will equally prevent a recovery thereon, when plead in offset; a court of justice will not lend its aid to enforce payment, for such illegal sale, in any form in which the parties may present it; nor will they, on the other hand, relieve from payment, when it has been made.

BOOK ACCOUNT. Judgment to account was rendered in the county court, and an auditor was appointed, who reported the facts substantially as follows:—

Items 14 and 41, in the defendant's account, amounting to fifty dollars, are for spirituous liquors, sold by the defendant to the plaintiff within this state, in 1847, and the defendant had no license to sell the same; for the reasons aforesaid, the auditor disallowed the said items.

The county court accepted the report of the auditor, disallowing said items 14 and 41. To which the defendant excepted.

———— ———— for defendant.

*F. F. Merrill* for plaintiff.

The two items for liquor were properly disallowed by the auditor. *Bancroft & Riker* v. *Dumas*, 21 Vt. 456.

The parties come into court without having made any application, and the law will make such application as is just and legal. But in this case, the whole charge is illegal, and the court will not soil their hands by taking it up and making any application; without *the aid of the court* the claim cannot be allowed, and of course the court will give no aid. This decides the whole question.

BY THE COURT. The judgment of the county court in this case, must be affirmed. The questions arise upon the disallowance, by the auditor, of two items in the defendant's account, being numbers 14 and 41, as designated by the auditor, which

were for the sale of spirituous liquors in this state, by the defendant to the plaintiff. The auditor has found that the defendant had no license authorising him to make such sales, and for that reason the items were properly disallowed. The sale was illegal, being in direct violation of a positive provision of our statute, and for which no action can be sustained. This was so directly held in *Bancroft* v. *Dumas*, 21 Vt. 456, and indeed, the principles of that case, seem to dispose of all the questions arising in this. For if its illegality will prevent an action from being sustained to recover it, it will equally prevent a recovery thereon, when plead in offset. A court of justice will not lend its aid to enforce its payment in any form, in which the parties may present it. If the parties had agreed that these respective accounts should be applied in payment of each other, and the *application had been made by them*, so that the *items of charge did not exist as a subsisting or unsatisfied claim*, and this had been so stated and found by the auditor, this court would not interfere with that arrangement and payment. 1 C. M. & R. 713, *Owens* v. *Denton*. For whilst they will not enforce such a claim, they will not, on the other hand, relieve from such payment, where it has been made.

The difficulty in this case, is, that no such *application has been made by the parties*, neither has the auditor found as a fact in the case, that such an agreement was made by them. And those items of charge are now presented as subsisting claims in offset to the plaintiff's account, and the court are requested to make the application. But the court will not apply one claim in offset to another, but such as are legal, and which can be legally enforced by action. The result would be the same, if the auditor had found an express agreement of the parties to that effect, for the agreement to pay for the liquors when made at the time of sale, is as void as the sale. No court will enforce such agreement. The parties must carry it into effect themselves, and make the application, or it cannot be done at all. It is further to be observed, that the auditor has found no agreement to that effect, much less the application. An *expectation* that such an application was to be made, is not an agreement, particularly, when the auditor finds that no particular agreement, or conversation, was had about it between them. The charges were properly disallowed.