## CHARLES R. BRIGGS v. JOHN CAMPBELL.

*Assumpsit.    A contract for the sale of liquors without a license cannot be enforced in this State.*

No recovery can be had in our courts for the price of liquors sold without a license.

Nor can a recovery be had on a note given in consideration of the contract of such sale, and it makes no difference whether the note was given at the time of the sale, or at a subsequent period, the consideration being the same, and the contract in contravention of law, our courts will not lend their aid to the party, to recover the price of spirituous liquors sold without license.

ASSUMPSIT on a promissory note.   Plea, the general issue, and trial by jury.

On the trial, the plaintiff read in evidence the note described in the declaration; the execution of the note was admitted.

The defendant then read in evidence the deposition of one David C. Holt, from which, it appeared that said note was given in consideration of a balance due on a contract of sale of spirituous liquors, as appeared by the bill for the same, made out and receipted by plaintiff, and attached to said deposition.   The defendant also showed by the record, that at the time of the sale, the plaintiff was not licensed to sell spirituous liquors in the County of Washington, nor was the defendant.

The defendant requested the court to charge the jury, that if they found the note was given for the purchase of liquors from an unlicensed seller, the verdict should be for defendant.

The court charged the jury, that if the note was given for the purchase of spirituous liquors from an unlicensed seller, and given either at the time of the sale, or in pursuance of any agreement,

then made ; that the note was afterwards to be given, the plaintiff could not recover ; but if the jury found, that after the liquors had been sold and delivered to the defendant, and been by him sold or retained, and he in consideration thereof, voluntarily gave the note 'without any previous agreement or understanding between the parties, that he was to do so, then the verdict should be for the plaintiff.

To this charge the defendant excepted.

The jury returned a verdict for plaintiff, and the defendant filed a motion in arrest, which was overruled by the court, and to this decision the defendant excepted.

*L. L. Durant* and *J. A. Vail* for defendants,

Insisted that the rule of law is of universal operation, that no one shall, by the aid of a Court of Justice, obtain the fruits of an unlawful bargain, and cited *Wheeler* v. *Russell,* 17 Mass. 259. *Russell* v. *De Grand,* 15 'Mass. 35. *Hunt* v. *Knickerbocker,* 5 Johns. 327. *Craig et al. v. State of Missouri,* 4 Peters 436. *Toler* v. *Armstrong,* 11 Wheaton 258. *Booth* v. *Hodgson,* 6 Term 405. *Elkins* v. *Parkhurst,* 17 Vt. 105. *Woodruff* v. *Hinman,* 11 Vt. 592. *Mitchell v. Smith,* 1 Binn. 110. *Roby* v. *West,* 4 N. H. 285. *Pray* v. *Burbank,* 10 N. H. 377. *Scott* v. *Gilmore,* 3 Taunton 226. Story's Conflict of Laws § 247. Story on Promissory Notes § 187.

*H. Carpenter* and *F. V. Randall* for plaintiff,

Cited in argument, *Glin* v. *Beach,* 5 Vt. 172. *Barlow* v. *Smith et al.* 4 Vt. 139. 2 American Lead. Cas. 132. 1 Smith's Lead. Cas. 197. *Mills* v. *Wyman,* 3 Pick. 207. *Loomis* v. *Newhall,* 15 Pick. 159. *Dodge* v. *Adams.* 19 Pick. 429. 3 B. & P. 249 note. 19 Vt. 358. 19 C. L. 193.

The opinion of the court was delivered by

BENNETT, J. This is an action on a note, the consideration for which was spirituous liquors, sold and delivered by the plaintiff to the defendant, the plaintiff at the time having no license for their sale.

It is too late in the day to claim as a general proposition, that a recovery can be had, in our courts, for the price of liquors sold

under such circumstances. This was not claimed by the counsel for the plaintiff; and the court below proceeded upon the same ground; but they told the jury in substance, if the note was given for spirituous liquors sold and delivered without license, but given at a time subsequent to the sale, and not in pursuance of any arrangement made at the time of the sale, that a note was to be given, that under such circumstances, the note would be valid, and the jury found for the plaintiff. The enquiry is, can there be any good ground for the distinction, which is attempted to be made in this case. The general proposition that no remedy can be had for spirituous liquors, sold without a license is founded upon the ground, that they are sold in contravention of the law, and that the court will not in such a case lend its aid to the party, to recover their price.

The objection goes to the consideration of the contract, and it is difficult to see how it can make any difference, as to the consideration, whether the note was given at the time of the sale, or at a subsequent period. The consideration is still the same.

Suppose money is loaned at 12 per cent. interest, and a note given in the usual form for the money loaned, payable at a future day with interest, the party at the time, resting upon a parol agreement to pay the extra six per cent; and at a subsequent time, a note is given for the usury, could the note be any more binding, than the parol agreement? We apprehend not. The illegality of the consideration is the same. In the case of *Steers v. Lashby*, 6 Term 61, the bill grew out of a stock jobbing transaction, and was given for the differences reported, by third persons; the parties being in a dispute, as to the amount of the difference; yet the court said, there could be no recovery upon the bill, even in the hands of a third person, who took it with notice of what the bill grew out of. The stock jobbing transactions, out of which the bill grew, were prohibited by statute.

In the case before us, the note was given payable on demand, and there is no attempt to sustain it, upon any new consideration. The counsel for the plaintiff, and perhaps the court below, relied upon the decisions, which have been made in this State, relative to contracts made upon the Sabbath; but we apprehend they can not apply to the case. The objection, that a recovery cannot be had upon a contract made in violation of the Lord's day, goes simply to

the time of making it, and does not grow out of any prohibition of the transaction in itself considered.

Consequently our courts have considered, whether sound or not, that if there was afterwards what amounted to a new promise, the objection growing out of the time in which the contract was first made, was cured.

We will not pass upon the motion in arrest, as no doubt our decision must end the case.

Judgment reversed.