Streit v. Waugh.

STREIT v. WAUGH.

*Promissory Note Given for Patent-Right, and Transferred in Payment for Liquor Sold in Violation of Law.*

The omission to insert in a note given for a patent-right, the words, "given for a patent-right," as required by statute, does not render the note void. If the patent-right is good and valid, and forms an adequate consideration for the note, the maker cannot defend against a transferee of the note on the ground of the omission of those words. The object of the statute was to prevent the transfer of such notes to innocent and *bona-fide* holders.

Nor can the maker defend upon the ground that the plaintiff received the note from another transferee in payment for liquor sold in violation of law.

ASSUMPSIT on a promissory note for $100, payable to Edward Conklin, or bearer, in 104 days from date, and signed by defendant. Plea, the general issue, and trial by the court, September Term, 1875, ROYCE, J., presiding.

Said note was given for a patent-right sold by Conklin to defendant at St. Albans, and the words, "given for a patent-right," were not inserted therein, as required by statute. Conklin transferred the note before maturity to one Brennan for about $40, and Brennan knew what the note was given for; Brennan transferred the note while current, to the plaintiff, at its full face, to apply on account. It appeared that plaintiff was a wholesale liquor dealer in New York, and Brennan a hotel keeper at St. Albans; that plaintiff's account against Brennan was made up largely of liquors sold by plaintiff to Brennan in violation of law, the balance growing out of legitimate transactions; that Brennan had, from time to time, made several general payments upon the account, but whether sufficient to discharge all the legitimate portion thereof, did not appear.

Judgment for plaintiff for the amount of the note, and exceptions by defendant.

*Edson, Rand & Edson*, for defendant.

Any promise or obligation in writing for which a patent-right forms the whole or any part of the consideration, is required by

law to contain the words, "given for a patent-right;" and a penalty is imposed for the non-compliance with that requirement. Laws of 1870, p. 107. A contract, expressly or by implication forbidden by the common or statute law, is void, both as between the original parties, and as to a purchaser with notice ; and a penalty inflicted by a statute implies a prohibition of the contract to which it is affixed. *Fergusson* v. *Norman*, 5 Bing. N. C. 76 ; s. c. 35 E. C. L. 37 ; *Cope* v. *Rowlands*, 2 M. & W. 149, 157 ; *Langton* v. *Hughes*, 1 M. & S. 596 ; *Forster* v. *Taylor*, 5 B. & Ad. 887 ; s. c. 27 E. C L. 230 ; *Elkins* v. *Parkhurst*, 17 Vt. 105. In the case at bar, the note was made in contravention of the terms of the statute, and was therefore void, as well to Brennan, who took it with notice of the illegality, and to the plaintiff, unless he was a *bona-fide* purchaser for value, as to the payee.

The plaintiff can be regarded as a purchaser for value only on the ground that he took the note while current in payment of a pre-existing debt; but no debt can arise from the sale of intoxicating liquors in this state, in violation of law. Gen. Sts. p. 600, s. 32; *Harrison* v. *Nichols*, 31 Vt. 709, 715 ; *Backman* v. *Wright*, 27 Vt. 187.

Upon proof that the note was affected by illegality, the burden was on the plaintiff to show that he gave value for it; and it was not incumbent on the defendant to first show the contrary. *Sistermans* v. *Field*, 9 Gray, 331.

*H. S. Royce*, for plaintiff.

A promissory note taken in payment for a patent-right without inserting therein the words, "given for a patent-right," is not rendered void by the statute of 1870. The fact that Brennan, the first endorser, purchased the note at a considerable discount, and that the note was received by the plaintiff to apply on an account against Brennan, a portion of which was for intoxicating liquor sold contrary to law, would not be any defense to the note. Until the defendant has made out a case of fraud or suspicion of fraud, the holder is under no obligation to prove that he gave value for the note. Chitty Bills, 68, 69 ; Story Prom. Notes, 196, and note ; *Valet* v. *Parker*, 6 Wend. 615 ; *Clark* v. *Pease*, 41 N. H. 414.

Streit v. Waugh.

The illegality of the consideration paid by the plaintiff, cannot avail the defendant. He is called upon for only what he agreed to pay, and payment to the plaintiff will be a full discharge. *Knight* v. *Putnam*, 3 Pick. 185 ; *Prouty* v. *Dwight*, 6 Cush. 20.

The opinion of the court was delivered by

REDFIELD, J. This note was given by defendant to one Edward Conklin, in payment for a patent-right. The words, "given for a patent-right," required by the act of 1870, were not inserted in the note. The defendent sold said note while current, to Thomas Brennan, who knew at the time that the note was given for a patent-right. Brennan sold the note while current, to the plaintiff, in payment of a pre-existing account, to the full amount of the face of the note. The plaintiff's account accrued, principally, from the sale of intoxicating liquors in contravention of the statute of this state. The defendant claims,

I. That no action can be sustained on the note, for the reason that the words required by the statute of 1870, were not inserted therein. The statute does not declare the sale of patent-rights unlawful ; nor prohibit actions founded on notes given for such sales. The purpose of the statute was, obviously, to prevent the *transfer* of notes given for the purchase of such property, into the hands of innocent and *bona-fide* purchasers. The second section requires the person *taking* such note to insert therein the words, "given for a patent-right," and declares all such obligations, if transferred, subject to all the defences to which they would be subject if owned by the original promisee. If the patent-right was good and valuable, and an adequate consideration for the note, the statute does not say that the promissor could defend against the note because these words were ommitted ; but that the *transferee* shall stand like the *promissee* as to all just and legal defence. The case does not state that there was fraud in the sale of the patent-right, or any *actual* infirmity in the note. We think the omission of Conkling to insert in the note the words "given for a patent-right," does not render the note void, and does not preclude the plaintiff's recovery on the note.

II. It is insisted by the defendant, that the sale of this note by Brennan to the plaintiff, in payment of an account which accrued for intoxicating liquors sold in violation of law, precludes the plaintiff from recovering on the note. Some of the items of plaintiff's account against Brennan are lawful and some are unlwful, and several general payments have been made ; and the case omits to state that the payments have extinguished the lawful charges. But, assuming that the unpaid balance of the plaintiff's account accrued altogether from the unlawful sale of intoxicating liquor, it was a *payment*, and Brennan could at any time recover it back. But this defendant has no defence to the note, and has no legal or equitable claim against the plaintiff. Brennan would have the right to say that the plaintiff would hold the money when collected, "to his use." Whether the property in the note is *absolutely* in the plaintiff, or whether he sues it for the benefit of Brennan, is a matter of no concern to the defendant. The *consideration* for the note has no illegal taint. It has often been held that *usury*, which the statute declares may be recovered back, and that the lender holds "to the use" of the borrower, cannot be attached by trustee process. *Baker* v. *Esty et al.* 19 Vt. 131. Nor does such claim pass to the assignee in bankruptcy. *Nichols et al.* v. *Bellows*, 22 Vt. 586. The reason given is, that the right to recover back such money paid and received in violation of the statute, is a personal right which the borrower, a party paying the usury, may waive or enforce at his election. We see no reason why the *collection* of this note may not be enforced in this suit.

Judgment affirmed.