Van Riper v. The American Central Insurance Co.

---

## Van Riper v. The American Central Insurance Co.

Insurance Company.—*Impairment of Stock.—Assessment.—Action on Subscription.—Pleading.—Copy.—Notice.*—A subscription to the capital stock of an insurance company provided that a certain percentage should be paid when all the stock was subscribed, and the residue was " to be assessed only in the event of the" paid up "cash fund becoming impaired by losses."

*Held,* on demurrer to a complaint on such subscription for such an assessment, that the resolution making such assessment was not the foundation of the action, and the fact that it was made part of the complaint by copy does not bring it before the court.

*Held,* also, that notice to the defendant, of such assessment, is not required by the terms of such subscription.

Same.—*Evidence.—Resolution Making Assessment.*—In such action, a duly authenticated transcript of certain proceedings of the board of directors of the plaintiff, declaring that such assessment should be made, and directing the officers of the company to make it, is competent evidence of the assessment alleged.

From the Vanderburgh Circuit Court.

*B. Hynes* and *A. Gilchrist,* for appellant.

*A. Dyer* and *J. C. Graham,* for appellee.

Niblack, J.—The appellee, The American Central Insurance Company, a corporation existing under and by virtue of the laws of the State of Missouri, sued the appellant, Eccles G. Van Riper, on a subscription to its capital stock.

The subscription, which was averred to have been made on the 11th day of February, 1870, and so much of the terms on which it was made as are material for the proper presentation of this cause, were as follows:

"AMERICAN CENTRAL INSURANCE COMPANY.

"The amount of stock apportioned to Evansville, Ind., is $100,000. Subscriptions to be confined to responsible parties, in sums of $500 and $1,000 each; and in this list no subscription will be allowed for a greater sum than $5,000.

"Subscriptions at Evansville, Indiana, to the capital stock of the American Central Insurance Company. Central office, St. Louis, Mo.

"The terms of the subscription are as follows: $20 per share of $100 each is to be paid when the list is completed, as per apportionment above, and the remaining 80 per cent., unpaid on stock account, is to be assessed only in the event of the 20 per cent. cash fund becoming impaired by losses.

"We, the undersigned, hereby subscribe to the capital stock of the American Central Insurance Company, upon the terms and conditions as stated above, in the sums set against our respective names. All subscriptions are subject to approval or rejection at the central office.

"                    (Shares are $100 each.)

| NAME. | OCCUPATION. | No. Shares. | Amount Stock. | 20 per cent. paid. | When paid. |
|---|---|---|---|---|---|
| *   *   * | *   *   * | *   * | *   * | *   * | *   *   * |
| E. G. Van Riper. | Tobacco Dealer. | 20 | 2,000 | 400 | Feb. 11th. |

"

The complaint was in two paragraphs, differing somewhat in their phraseology, but, in substance, very much the same. Both may be said, in general terms, to have averred the subscription of the stock, the payment of the first twenty per cent. cash instalment, the issuing of the

certificate of stock to the defendant, the impairment of the cash fund by losses, the assessment of twenty per cent. on the stock of the defendant, and the non-payment of the assessment.

That portion of the second paragraph which related to the assessment on the defendant's stock, and which gave, in that respect, a better statement, perhaps, than the first, was also as follows:

" That afterward, to wit, on or about the 11th day of October, A. D. 1871, the twenty per cent. cash fund of said company became impaired by losses incurred while said defendant was a stockholder in, and [a] member of, said company, and the plaintiff, in pursuance of the terms of said subscription, assessed the defendant twenty per cent. on each share of stock of one hundred dollars each subscribed and held by him, a record of which is hereunto attached, marked exhibit ' C,' being twenty shares, and amounting in all to the sum of four hundred dollars, one-half payable the 1st day of November, A. D. 1871, and one-half payable on the 1st day of December, A. D. 1871; that, by reason of the premises, the defendant became indebted to the plaintiff in the sum of four hundred dollars; that said sum remains due and unpaid, although often demanded."

A joint demurrer to both paragraphs of the complaint was overruled, to which the defendant excepted, and the defendant then answered in general denial.

A trial by the court terminated in a finding for the plaintiff, for the amount of the assessment, with interest; and, after overruling a motion for a new trial, judgment was rendered on the finding.

Errors are assigned here:

1. On the overruling of the demurrer to the complaint; and,

2. On the overruling of the motion for a new trial.

It is objected to the complaint, that it did not aver that the assessment alleged in it was made in accordance with

the charter and by-laws of the company; that the resolution of assessment a copy of which accompanied the complaint, did not make, nor purport to make, a complete and valid assessment, and that a notice to the appellant of the alleged assessment was not averred.

It is held by some of the authorities referred to by the appellant, as well as by others to which we have had access, that, in a suit on an assessment, the complaint must show that the assessment was made in accordance with the charter and by-laws of the company; but, so far as we have observed, that ruling has been founded on some provision of the charter or by-laws, or on some phraseology of the subscription or premium note, and does not preclude the application of a different rule where the circumstances seem to require it.

The resolution of assessment was not a written instrument, within the meaning of sec. 78, 2 R. S. 1876, p. 73; and, for that reason, the copy filed with the complaint did not become a part of it, and did not properly bring the resolution of assessment before the court on demurrer. *Pollard* v. *Bowen*, 57 Ind. 232; *Wilson* v. *Vance*, 55 Ind. 584; *Noble* v. *McGinnis*, 55 Ind. 528.

It is usually provided in charters of insurance companies, or in by-laws made under them, that persons against whom assessments are made shall, in some manner, be notified of such assessments; but we have been unable to find it anywhere laid down as a rule, that, in the absence of any such provision in the charter or by-laws, or of some stipulation in a contract requiring it, notice must be given to a member of the company, when an assessment is made against him. A contrary rule seems to have been recognized in this State. *Fisher* v. *The E. & C. R. R. Co.*, 7 Ind. 407; *Ross* v. *The L. & I. R. R. Co.*, 6 Ind. 297. See, also, *Peake* v. *The Wabash R. R. Co.*, 18 Ill. 88.

In the case in hearing, the charter and by-laws are not set out in the pleadings, or in any other manner before us; and, in determining the appellant's alleged liability,

we must look alone to the terms of his subscription. By those terms, he, in effect, agreed that his stock should be assessed in the event that the cash fund of the company should become impaired, that is, diminished, by losses. We think that carried with it, by fair implication, the concession by him, that, under such circumstances, the company would have the power to assess his stock, and dispensed with some averments which have been held necessary in other actions on assessments. It seems to have been also stated generally, on what we regard as good authority, that where a party, by his contract, agrees to pay assessments which may be made against him for certain purposes, his agreement is one that may ordinarily be enforced by an insurance company. Angell & Ames Corp., sec. 548. This accords with our construction of the appellant's stipulations, as above stated.

These terms, on which the subscription was made, do not provide for notice to the appellant of an assessment against him; and, in the absence of such a provision, we can not hold, that, in this case, such a notice was required.

We see no error in the overruling of the demurrer to the complaint.

On the trial, the plaintiff, over the objection of the defendant, introduced in evidence a properly authenticated transcript of certain proceedings of the company, as follows:

"AMERICAN CENTRAL INS. CO.

"ST. LOUIS, Oct. 11th, 1871.

"At a special meeting of the trustees of the American Central Insurance Company, held this day, the following resolutions were unanimously adopted: ·

"Whereas, The company have sustained a loss of some two hundred and fifty or three hundred thousand dollars by the Great Fire of Chicago,

Resolved, That it is expedient for the board to make a call upon the stockholders of twenty per cent. upon the stock subscribed, to liquidate this loss, and keep our capi-

tal unimpaired, and do now authorize and instruct the officers of the company to make said assessment, to be collected in two equal instalments of ten per cent. each, payable upon the first day of November, and [the] first day of December, next."

The appellant contends, that these proceedings did not support the allegation of the complaint, that an assessment had been made, and did not, in legal effect, amount to an assessment. Taking into consideration, however, many of the precedents afforded us by corporations under similar circumstances, we are of the opinion, that these proceedings constituted a sufficient assessment to fix the appellant's liability, and that the duties enjoined by them on the officers of the company were merely of a clerical character, looking to the collection of the assessment.

The finding of the court appears to us to have been fairly sustained by the evidence.

While the case might have been a more satisfactory one if the charter and by-laws of the company had been in the record, we see no material error in the proceedings below.

The judgment is affirmed, at the costs of the appellant.