Cassaday *et al. v.* The American Insurance Company.

———•••———

No. 7432.

CASSADAY ET AL. *v.* THE AMERICAN INS. CO.

| 72 | 95 |
|----|-----|
| 130 | 509 |
| 72 | 95 |
| 134 | 219 |
| 72 | 95 |
| 144 | 187 |
| 72 | 95 |
| 152 | 21 |

FOREIGN INSURANCE COMPANY.—*Complaint.*—*Supreme Court.*—*Presumption.*—Where, in an action by a foreign insurance company upon a note given for a policy of insurance, the complaint is silent upon the subject, the Supreme Court will presume that such company and its agent had complied with the laws of this State, before and at the time the policy was issued and the note in suit executed.

SAME.—*Exhibits not Foundation of Cause of Action.*—*Demurrer.*—*Pleading.*—In such action, neither copies of the application for, nor the policy of insurance. nor the laws of the state under which such insurance company is incorporated, filed as exhibits therein, constitute any essential part of such cause of action, and can not be looked to for the purpose of determining the sufficiency of the complaint therein, on demurrer for want of facts.

SAME.—*Written Instrument.*—*Copy of, when part of Complaint.*—*Pleading.*—Under section 78 of the code, it is only where a written instrument is the foundation of the cause of action. that a copy thereof filed with the complaint becomes a part of such complaint. without having been copied therein.

SAME.—*Effect of Non-Compliance with Statute.*—*Consideration of Note.*—In such action, the answer therein showed that the sole consideration of the note in suit was the contract of insurance, and that such insurance company had not complied with the requirements of the act of December 21st, 1865, 1 R. S. 1876, p. 594, in regard to foreign insurance companies.

*Held*, that the consideration of the note was illegal and void, and its payment could not be enforced by law.

VARIANCE. — *Promissory Note.* — *Complaint.* — *Copy.* — *Presumption.* — Where a variance exists between the description of the note in the complaint, and the copy filed therewith. the copy controls, and will be presumed to be right until the contrary is shown.

Cassaday *et al. v.* The American Insurance Company.

From the Vigo Circuit Court.

*T. H. Nelson, I. N. Pierce* and *T. W. Harper*, for appellants.

*M. M. Joab* and *G. C. Joab*, for appellee.

HOWK, J.—In this action, the appellee sued the appellants in a complaint of two paragraphs, upon a promissory note executed by them to the appellee as the consideration of a certain policy of insurance against loss by fire, issued by it to them. The appellants' demurrer to each paragraph of the complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, was overruled by the court, and their exception saved to these rulings. They then answered in five paragraphs; to the fourth and fifth paragraphs of which answer, the appellee's demurrers, for the want of sufficient facts, were sustained by the court, and to these decisions the appellants excepted. The cause, having been put at issue, was tried by the court, and a finding was made for the appellee for the amount due on the note, and judgment was rendered accordingly.

The following decisions of the circuit court have been assigned, as errors, by the appellants, in this court:

1. In overruling their demurrer to appellee's complaint; and,

2. In sustaining appellee's demurrer to the fourth and fifth paragraphs of their answer.

1. In their brief of this cause, in this court, the appellants' counsel concede that the first paragraph of appellee's complaint is sufficient, under the authority of *New England F. & M. Ins. Co.* v. *Robinson*, 25 Ind. 536.

Of the second paragraph of the complaint, counsel say: "The second paragraph of complaint shows appellee to have been a foreign corporation, organized under the laws of the State of Illinois; and we insist that this paragraph should further show a compliance with our law on the subject of

foreign insurance companies, in 1 R. S. 1876, p. 594." We deem it necessary to a proper understanding of the questions presented by counsel, and of our decision of those questions, that we should give in this connection a summary at least of the facts alleged in the second paragraph of the appellee's complaint; which we now do, as follows:

The appellee alleged, in substance, that, on the 20th day of September, 1871, and for a long time prior thereto, and at the time then present, the appellee had been and was a corporation legally chartered and organized under the laws of the State of Illinois, and a copy of its charter was filed with and made a part of said paragraph; that, on the 20th day of September, 1871, the appellants, through one George A. Brown, the appellee's solicitor, made an application to the appellee for insurance upon his property, situate in Vigo county, Indiana, a copy of which application was filed with and made a part of said paragraph; that, at the time said application was so made, the appellants executed to the appellee their said note, being the consideration given for the insurance to be issued by appellee to the appellants, in accordance with said application, to which the note was attached; that the application and note were forwarded by said solicitor to the appellee at the city of Chicago, Illinois; that the application and note were accepted by the appellee, and policy No. 66,206 was issued by the appellee to the appellants, and duly forwarded to them at their residence in said Vigo county, by ordinary course of mail, and was duly received by them; that said policy was issued at the appellee's office, in the city of Chicago, Illinois; that the note in suit, given as the consideration for said policy, was payable at the appellee's office, as would appear from the following provisions in said policy, a copy of which was filed with and made a part of said paragraph, to wit: "This policy is made and accepted upon the above express conditions, and the charter and by-laws of this company, which are to be

resorted to, to explain the rights and obligations of the parties hereto in all cases not otherwise specially provided for, and which are hereby made a part of this policy ;'' and that the note in suit, a copy of which was filed with and made a part of said paragraph, was justly due and wholly unpaid. Wherefore, etc.

There is no allegation of fact in this second paragraph of complaint, which shows that the appellee, at the date of the note in suit and of its contract of insurance for which the note was given, had or had not complied with the provisions of the statute of this State approved December 21st, 1865, ''regulating foreign insurance companies doing business in this State ; prescribing the duties of the agents thereof and of the Auditor of State in connection therewith, and providing penalties for the violation of this act.'' The question presented for decision by the first alleged error seems to us to be purely a question of good pleading. For, even if the compliance with the requirements of the statute by the appellee and its solicitor were of the essence of the contract in suit and indispensable to its validity, still we think, that, where the complaint is silent on the subject, it can not be presumed that the appellee and its agent had not complied with the provisions of the statute at the time of the execution of the contract. In the absence of any showing to the contrary, it seems to us that we may fairly presume that both the appellee and its solicitor had complied with the requirements of the statute before and at the time the policy was issued and the note in suit was given therefor. At all events, we are of the opinion that the complaint ought not to be held insufficient on a mere presumption that the appellee and its agent may not have complied with the provisions of the statute, and certainly the judgment below ought not to be reversed on any such presumption. We ought to say, perhaps, in this connection, in the interest of good pleading under the code, that neither the appellants' application, nor

Cassaday *et al. v.* The American Insurance Company.

the policy of insurance, nor the laws of Illinois under which the appellee is incorporated, copies of all which, as exhibits, were filed with the second paragraph of the complaint, were thereby made parts of said paragraph in any proper or legal sense. Neither of these exhibits can be regarded as constituting any essential part of the appellee's cause of action, and, under section 78 of the code, it is only where a written instrument is the foundation of the action, that a copy thereof filed with the complaint becomes a part of the complaint, without having been copied therein. 2 R. S. 1876, p. 73. It is now well settled by the decisions of this court, that the exhibits thus filed by the appellee, which were not in any legal view the foundation of the cause of action stated in the second paragraph of the complaint, did not become a part of said paragraph and can not be looked to for the purpose of determining its sufficiency or insufficiency, on the appellants' demurrer thereto for the want of facts. *Lytle* v. *Lytle*, 37 Ind. 281 ; *The Excelsior Draining Co.* v. *Brown*, 38 Ind. 384 ; *Brooks* v. *Harris*, 41 Ind. 390 ; *Knight* v. *The Flatrock, etc., Turnpike Co.*, 45 Ind. 134 ; *Trueblood* v. *Hollingsworth*, 48 Ind. 537 ; *Wilson* v. *Vance*, 55 Ind. 584 ; *Pollard* v. *Bowen*, 57 Ind. 232 ; *White* v. *Webster*, 58 Ind. 233 ; *Richardson* v. *Jones*, 58 Ind. 240 ; *Van Riper* v. *The American Central Insurance Co.*, 60 Ind. 123 ; *Wharton* v. *Wilson*, 60 Ind. 591 ; *Wilkinson* v. *The City of Peru*, 61 Ind. 1; *Way* v. *Fravel*, 61 Ind. 162 ; *Schori* v. *Stephens*, 62 Ind. 441 ; *The State, ex rel.,* v. *Hauser*, 63 Ind. 155 ; *Morrison* v. *Fishel*, 64 Ind. 177 ; *Ryan* v. *Curran*, 64 Ind. 345 ; *Locke* v. *The Merchants National Bank*, 66 Ind. 353 ; *Sessengut* v. *Posey*, 67 Ind. 408 ; *Parsons* v. *Milford*, 67 Ind. 489.

Excluding these exhibits from consideration, the second paragraph will remain a simple complaint on a promissory note, a copy of which is therewith filed. This note is neither dated nor payable at any specified place, and it was

alleged to be due and wholly unpaid. Under the view we have taken of the second paragraph of the complaint, it was certainly sufficient, and the appellant's demurrer thereto, for the want of facts, was correctly overruled.

2. In the fourth paragraph of their answer to the complaint, the appellants alleged, in substance, that the note in suit was executed by them to the appellee, in consideration of an insurance policy issued by it to them; that at the time the note was executed, and the policy was issued, the appellee was, and since had been, a foreign insurance company, existing in, and incorporated under the laws of, the State of Illinois, as stated in the second paragraph of the complaint; that, at the time the note and policy were executed, one Brown was pretending to act as the lawful agent of the appellee in the matter of the taking of risks, and the transacting of the business of insurance, for and in the name of the appellee, within Vigo county, Indiana, the place where said note was executed, and where the said policy was to be delivered to the appellants; that the said contract of insurance, evidenced by said note and policy of insurance, was made by the appellants and said Brown, as the appellee's agent, whilst said Brown was acting as such agent in the taking of risks and transacting business of insurance in said Vigo county, Indiana; that at the time said contract of insurance was made, by and between the appellants and said agent, evidenced by said note and said policy as aforesaid, at the time and place aforesaid, and in the manner and form aforesaid, the appellee, as such foreign insurance company, and the said Brown, as the agent of the appellee, when the said policy was issued and the said note was executed, had not complied with the 1st section of the act of December 21st, 1865, by presenting to the Auditor of State the statement, by obtaining the certificate of authority, and by filing the same in the office of the clerk of the Vigo Circuit Court, as contemplated and required by said section and by law.

In the fifth paragraph of the answer, substantially the same facts are alleged in bar of the action as in the fourth paragraph. The only perceptible difference between the two paragraphs is, that, in addition to the facts stated in the fourth paragraph, the fifth paragraph of answer contains the following allegation : that it was expressly agreed and understood by and between the appellee and the appellants, at the time the contract of insurance was made, evidenced by the note and policy, that the policy was to be delivered to the appellants at Terre Haute, Indiana, and that the payment of the cash premium and the note in suit were to be made at the same place.

We are of the opinion that the court clearly erred in sustaining the appellee's demurrer for the want of facts to each of the fourth and fifth paragraphs of the appellants' answer. If the facts stated in these paragraphs of answer were true, and, as they were well pleaded, the appellee's demurrer concedes their truth, we think they constituted a complete bar to any recovery by the appellee on the note in suit ; for these facts show that the note was given by the appellants, and accepted by the appellee, in consummation and in consideration of a contract of insurance made in direct violation of the express provisions of a penal statute of this State. In the 1st section of the act of December 21st, 1865, "regulating foreign insurance companies doing business in this state," etc., it is provided, "That it shall not be lawful for any agent or agents of any insurance company, incorporated by any other state than the state of Indiana, directly or indirectly, to take risks or transact any business of insurance in this State, without first producing a certificate of authority from the Auditor of State," etc. 1 R. S. 1876, p. 594. In section 7 of the same act, it is also provided that "Any person or persons violating the provisions of this act, shall, upon conviction thereof, in any court of competent jurisdiction, be fined, in any sum not exceeding one thousand dol-

lars, or imprisonment in the county jail not more than thirty days, or both, at the discretion of the court." 1 R. S. 1876, p. 598.

It is very clear, we think, that the allegations of the fourth and fifth paragraphs of answer, in this case, sufficiently show that the appellee's contract of insurance, which constituted the sole consideration of the note in suit, was within the prohibition of the statute, and was therefore illegal and void. The consideration of the note being illegal and void, its payment can not be enforced by law. *The Rising Sun Ins. Co.* v. *Slaughter,* 20 Ind. 520; *Hoffman* v. *Banks,* 41 Ind. 1; *The Union Central Life Ins. Co.* v. *Thomas,* 46 Ind. 44; *Williams* v. *Cheney,* 8 Gray, 206; *Buxton* v. *Hamblen,* 32 Maine, 448; *Boutwell* v. *Foster,* 24 Vt. 485; *Brackett* v. *Hoyt,* 9 Fost. N. H. 264; *Ætna Insurance Co.* v. *Harvey,* 11 Wis. 394.

It was alleged in appellee's complaint, that the note in suit was payable at appellee's office, in the city of Chicago, Illinois; but the copy of the note, filed with the complaint, shows that the note was payable generally, and not at any specified place. Where such a variance exists between the description of the note in the complaint, and the copy of the note therewith filed, the rule is that the copy controls, and will be presumed to be right until the contrary is shown. *Mercer* v. *Hebert,* 41 Ind. 459; *Stafford* v. *Davidson,* 47 Ind. 319; *Crandall* v. *The First National Bank of Auburn,* 61 Ind. 349.

The judgment is reversed, at appellee's costs, and the cause is remanded, with instructions to overrule the demurrer to the fourth and fifth paragraphs of answer, and for further proceedings in accordance with this opinion.