Allen *et al. v.* The Board of Commissioners of Clinton County.

No. 11,843.

ALLEN ET AL. *v.* THE BOARD OF COMMISSIONERS OF CLINTON COUNTY.

FREE TURNPIKE.—*Subscriptions and Donations.—Statute Construed.*—Under the provisions of section 5101, R. S. 1881, the board of commissioners of a county has power to receive subscriptions and donations in money or property, real or personal, to be applied to the construction or improvement of a free turnpike road; and such a subscription is not invalid because it is without date.

PLEADING.—*Complaint.—Demurrer.*—Where such a donation, by the terms of the written subscription, is to be due and payable when the road is completed, the complaint of the county board for the collection of such donation is not bad on demurrer, because it fails to allege that the subscription was delivered by the defendants or accepted by the plaintiff, or to aver that before the commencement of the action any demand was made on the defendants for the amount of their donation, or that they had notice of the completion of the work.

PRACTICE.—*Weight of Evidence.—Supreme Court.*—The finding and judgment of the trial court will not be disturbed by the Supreme Court on the weight of the evidence.

From the Clinton Circuit Court.

*J. N. Sims,* for appellants.

*T. H. Palmer,* for appellee.

HOWK, J.—This was a suit by the appellee against the appellants, David F. Allen and Edward Allen, partners under the firm name of D. F. Allen & Bro., upon a written instrument executed by them in their firm name to the appellee, of which instrument the following is a copy :

"We, the subscribers, agree to give the sums set opposite our names, as a donation to be paid to the commissioners of Clinton county, Indiana, to be used for the payment of the cost of the construction of the Frankfort and Thorntown Gravel Road (so named). The sum total of said donation to be deducted from the sum total of the cost of said road, the remainder to be paid by taxation as provided by law ; the donations above named to be due and payable when said road is completed to the line dividing Boone and Clinton counties.

"(Signed) D. F. ALLEN & BRO. $250."

In its complaint the appellee alleged that, in January, 1880, divers citizens of Clinton county were interested in the con-struction of a free gravel road, then and there known as the Frankfort and Thorntown Gravel Road; that such citizens desired that such road should be constructed pursuant to and in accordance with the requirements of the act of March 3d, 1877, then in force, providing for the construction of free gravel roads; that such road was located wholly within Clin-ton county, and that in order to induce the land-owners in the vicinity of such road to petition the county board, as pro-vided in such act, to construct such road, the written sub-scription, of which the above is a copy, was executed by the appellants as aforesaid. It was further alleged that a proper petition signed by the requisite number of land-owners, whose lands would be assessed for the cost of the improvement, was presented to the county board praying for the construction of such free gravel road; and that such proceedings were duly had on such petition as that afterwards, and before the commencement of this suit, the aforesaid free gravel road was fully made and completed, in accordance with the statute; that on the first day of May, 1880, the aforesaid written sub-scription was filed with the appellee for its use and benefit, and for the benefit of those whose lands were assessed for the construction of such road; that appellee had caused such road to be fully constructed and completed as provided for in such written subscription, and had fully performed all the condi-tions upon which such subscription was made; but that the appellants had failed and refused to pay their said subscrip-tion, though often requested so to do, to appellee's damages in the sum of three hundred dollars. Wherefore, etc.

The appellants jointly demurred to appellee's complaint, upon the ground that it did not state facts sufficient to con-stitute a cause of action. This demurrer was overruled by the court, and the appellant excepted, and has here assigned such ruling as error.

A number of objections to the sufficiency of the complaint

are urged by appellants' counsel, and these we will briefly notice. It is objected that the written subscription is without date, but it certainly was not invalid on that ground. In section 5101, R. S. 1881, in force since March 3d, 1877, it is provided that " the board of commissioners shall have power to receive subscriptions and donations in money or property, real or personal, which shall be applied to the construction or improvement of such road." Counsel claims that the complaint is bad, because it fails to allege that the subscription was ever delivered by the appellants to the appellee, or that it ever accepted or acted upon such subscription. It is stated in the complaint that on the 1st day of May, 1880, the subscription of the appellants was filed with the appellee, for its use and benefit. As the appellee had the power, under the statute, to receive such subscription, it will be presumed, in the absence of any showing to the contrary, that it did receive and accept the subscription, and that it has acted thereon is sufficiently shown, we think, by the pendency of this action. But counsel says that the appellee was not in session on the 1st day of May, 1880. That fact, if it were the fact, is not apparent on the face of the complaint; but if the fact were apparent, we might well assume that the appellee was lawfully in regular session several times between May 1st, 1880, and the day of the commencement of this suit, on August 15th, 1881. Appellants' counsel further claims that the complaint is bad, because it " fails to show that prior to the commencement of the action any demand was made on the defendants, or that they had notice of the completion of the work." The fact that a demand was made on the appellants before the commencement of this suit is sufficiently implied, we think, in the averment that they had refused to pay their subscription, to withstand their demurrer to the complaint for the want of facts. A refusal to pay implies or presupposes an antecedent demand for payment. The completion of a free public highway is a fact of such general notoriety as to dispense with any formal notice thereof. Besides, there was no

stipulation in the appellants' subscription that they should be notified of the completion of the road or for any formal demand of payment; and, in the absence of such a stipulation, it would seem that neither notice nor demand was necessary. *Van Riper* v. *American Cent. Ins. Co.*, 60 Ind. 123.

By the terms of the subscription the sum donated by the appellants became due and payable when the road was completed. It was averred in the complaint that the road was fully completed, as provided for in the written subscription, and this fact was admitted to be true by appellants' demurrer. Under the averments of the complaint, therefore, the money sued for was alleged and admitted to be due and payable. As a general rule, money due may be sued for without any previous demand therefor. *School Town of Princeton* v. *Gebhart,*. 61 Ind. 187; *Excelsior Mut. Aid Ass'n* v. *Riddle,* 91 Ind. 84.

The complaint was certainly sufficient on demurrer, and if there were any defects therein, they were such as could be reached only by motion to make more specific. The court did not err in overruling the demurrer to the complaint.

The cause was put at issue and tried by the court, the Honorable Pierce Norton presiding as special judge, and a finding was made in favor of the appellee, and against the appellants, in the full amount of their subscription. Over their motion for a new trial, the court rendered judgment upon and in accordance with its finding.

The overruling of their motion for a new trial is the only other error assigned by the appellants in this court.

The finding of the court, we think, is fully sustained by the evidence in the record, and, certainly, it was not contrary to law. The appellants assigned as causes for a new trial a number of alleged errors of law occurring at the trial, in the admission of evidence offered by appellee, over their objections and exceptions. We have examined this evidence, and carefully considered the appellants' objections to the admission thereof. So far as we can see, no useful purpose would be subserved by our setting out in this opinion the various

items of evidence objected to by the appellants, or by our commenting at length upon their objections. It will suffice for us to say, as we do, that the evidence complained of seems to us to have been pertinent, relevant and competent, and that no error was committed by the trial court in overruling the appellants' objections to the admission of such evidence.

The motion for a new trial was correctly overruled.

The judgment is affirmed, with costs.

Filed April 28, 1885.