## In Re A. E. Lemerise & Co.

### C. J. Ferguson and Collins Brothers, Claimants.

May Term, 1901.

Present: ROWELL, TYLER, MUNSON and WATSON, JJ.

Opinion filed August 26, 1901.

*Assumption of a debt for intoxicating liquor unlawfully sold*—If one assumes the debt of another for intoxicating liquor unlawfully sold and gives his note therefor, the note is invalid and he is not holden to pay it.

*Valid debt not discharged by mere assumption of illegal debt of like amount*—If, as is not here decided, the assumption of an illegal debt for intoxicating liquor can, in consequence of agreement or intention, operate as a legal payment of a valid debt of like amount, still such assumption, without payment of the illegal debt assumed,

cannot so operate in the absence of an agreement or intention that it shall have that effect.

THIS WAS A PETITION in Chancery brought by one Temple against the firm of A. E. Lemerise & Co. for the appointment of a receiver and the dissolution of the partnership. Chittenden County, September Term, 1900, *Taft,* Chancellor.  Among the claims against said firm, presented under subsequent proceedings, were those stated in the opinion.  Both were disallowed by the Chancellor sitting at chambers in the vacation following said term.  The claimants appealed.

*Brigham & Start* for the orator.

*Clarence J. Ferguson* for the claimants.

WATSON, J.  A. E. Lemerise & Co. purchased of Collins Brothers their drug store at the agreed price of $1,536.53, and paid thereon in goods, mortgage note, checks, and cash, the sum of $1,048.58, leaving a balance due of $487.95.  Collins Brothers were then owing the Columbia Distilling Co. exactly the last named sum for intoxicating liquors unlawfully sold Collins Brothers by the Distilling Co., and the claim therefor was in the hands of the claimant Ferguson, as an attorney, for collection.  This debt was assumed by Lemerise & Co. and they executed their promissory note therefor payable to P. H. Collins, one of the members of the firm of Collins Brothers, who transferred it to Ferguson.  The note is owned by the Distilling Co.  It is held by Ferguson, as an attorney, for collection; and it is the one here in controversy.  Collins Brothers presented a claim for $487.95 to be allowed as the balance due them for the drug store in case the note should be disallowed.  The Chancellor considered and adjudged that Lemerise & Co.'s assumption of the debt due from Collins Brothers to the Distilling Co. was, as to Collins Brothers, a payment of the

20

balance due for the drug store; that the note was given for an unlawful consideration; and therefore that the note and the claim presented by Collins Brothers be both disallowed.

In the disallowance of the claim we think there was error. The record does not show that in the transaction between Collins Brothers and Lemerise & Co. it was agreed or intended that the latter's assumption of the debt from the former to the Distilling Co. should operate as a payment of the balance due for the drug store. Nor do the facts stated have that effect. If such had been the agreement or intention, a different question would be presented,—the question whether the assumption of a debt contracted in violation of the criminal law of the state and by statute made illegal, can by agreement or intention operate as a legal payment of a valid debt,—one upon which we express no opinion. We think a fair construction of the record shows that the assumption of the debt to the Distilling Co. by Lemerise & Co. was, in effect, but an agreement between the latter and Collins Brothers that the payment of the balance due for the drug store should be made directly to the Distilling Co. in payment of its claim against Collins Brothers. This would not operate as a payment of the balance due Collins Brothers before the payment was in fact made to the Distilling Co. The record shows that the claim evidenced by the note is the one to the latter company for intoxicating liquors unlawfully sold. The note therefore is without consideration in law, and it was properly disallowed: V. S. 4464. Lemerise & Co. not being holden on the note, they have not in any way paid the balance due for the drug store, and it stands as a valid claim against them: *Streit* v. *Waugh*, 48 Vt. 298.

*Decree reversed, and cause remanded with mandate that the note be disallowed; and that the claim presented by Collins Brothers for the balance due for the drug store be allowed with costs in this court.*